1    Richard R. Lawless
2    30279 Redding Avenue
3    Murrieta, CA 92563
4    951-440-5230
5    richardrlawless@gmail.com
6    Plaintiff
7
8

```
┌────────────────────────────────────┐
│           F I L E D                │
│   CLERK, U.S. DISTRICT COURT       │
│                                    │
│         5/29/2022                  │
│                                    │
│ CENTRAL DISTRICT OF CALIFORNIA     │
│ BY: _____ DTA _____ DEPUTY     │
└────────────────────────────────────┘
```

9    **United States District Court**

10    **For the Central District of California**

11    **Eastern Division**

12

13    RICHARD R. LAWLESS                    No. 5:21-cv-01637-JWH-SP

14

15    Plaintiff,                            **Related Case Information**

16                                          **Evidence Exhibit Three From**

17                                          **Case 5:21-cv-02174-JWH-SPx**

18

19

20    V.

21

22    Securities and Exchange Commission    Hearing Date:    July 1st ,2022

23                                          Hearing Time:    9:00 a.m.

24    Defendant.                            Ctrm:            2

25    _____      Hon.             John W. Holcomb

26

27

28    **Defense Counsel**

29    Alexandra Verdi
30    Office of the General Counsel
31    U.S. Securities and Exchange Commission
32    100 F Street, NE
33    Washington, DC 20549
34    (o) (202) 551-5057 | (c) (202) 368-8136
35    verdim@sec.gov

1
2
3                          **Proof of Service**
4                          **Case No. CV-02174**
5
6       I am over the age of 18 years and not a party to this action. My address is:
7       30279 Redding Avenue, Murrieta, CA 92563, Telephone No. (951) 440-5230
8
9       On May 30, 2022, I caused to be served the document entitled Related Case
10      Information, Evidence Exhibit Three. This response was sent to Alexandra Verdi, SEC
11      Attorney.
12
13      ☐ OFFICE MAIL: By placing in sealed envelope(s), which I placed for collection and
14      mailing today following ordinary business practices. I am readily familiar with this
15      agency's practice for collection and processing of correspondence for mailing; such
16      correspondence would be deposited with the U.S. Postal Service on the same day in the
17      ordinary course of business.
18      ☐ PERSONAL DEPOSIT IN MAIL: By placing in sealed envelope(s), which I personally
19      deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S.
20      Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.
21      ☐ EXPRESS U.S. MAIL: Each such envelope was deposited in a facility regularly
22      maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles,
23      California, with Express Mail postage paid.
24      ☐ HAND DELIVERY: I caused to be hand delivered each such envelope to the office of
25      the addressee as stated on the attached service list.
26      ☒ UNITED PARCEL SERVICE: By placing in sealed envelope(s) designated by United
27      Parcel Service ("UPS") with delivery fees paid or provided for, which I
28      deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at
29      Buffalo, New York.
30      ☐ ELECTRONIC MAIL: By transmitting the document by electronic mail to the electronic
31      mail address as stated on the attached service list.
32      ☐ E-FILING: By causing the document to be electronically filed via the Court's CM/ECF
33      system, which effects electronic service on counsel who are registered with the CM/ECF
34      system.
35      ☐ FAX: By transmitting the document by facsimile transmission. The transmission was
36      reported as complete and without error.
37
38      I declare under penalty of perjury that the foregoing is true and correct.
39      Date: May 30, 2022 /s/ Vicki Medlen

1
2                                **Evidence Exhibit Three**
3
4    These documents provide extraordinary circumstantial evidence that the SEC
5    failed to use their discretionary authority properly and their claims that they did
6    cannot be credible in the face of all these repeated false statements.
7
8        1. SEC Has No Knowledge of Evidence Relating to These Crimes – FOIA
9           Responses Showing over 1,000,000 internal SEC documents about the
10          crimes dating from 2012 to 2021
11       2. SEC claimed Mr. Lawless was not the only whistleblower, FOIA documents
12          reflect Mr. Lawless was the only whistleblower.
13       3. Plaintiff claimed SEC was playing games with the FOIA fees and the
14          Plaintiffs journalist statue. SEC denied any knowledge of this. Attached
15          FOIA emails and documents show dozens of attempts to derail FOIA
16          requests with fees and denial of a journalist rights.
17       4. Multiple false claims made by FOIA officials, No Gary Gensler emails, then
18          there were Gary Gensler emails. Plaintiff will receive OIG emails and then
19          he will not, plaintiff will receive Gary Gensler emails and then he will not, all
20          plaintiff documents for six years total 37,000 pages, yet documents for a
21          four-month period are over 200,000 pages and on and on.
22
23          Ever possible effort to hide the decision making of the SEC related to these
24          crimes has been withheld completely or redacted completely. The DOJ is
25          claiming the DAE to justify a pre-trial dismissal but they are also saying just
26          don't look at the documents that relate to the DAE, just take our word for
27          it. When ALL other evidence suggests an abuse of that discretion related to
28          serious crimes.
29
30          The SEC's own documents are the best evidence against the SEC.
31
32
33

                                    2

1
2
3
4
5                              **Case No. CV-02174**
6
7       I am over the age of 18 years and not a party to this action. My address is:
8       30279 Redding Avenue, Murrieta, CA 92563, Telephone No. (951) 440-5230
9
10      On May 30, 2022, I caused to be served the document entitled Evidence Exhibit Three.
11      This response was sent to Paul B. Green, Assistant United States Attorney.
12
13      ☐ OFFICE MAIL: By placing in sealed envelope(s), which I placed for collection and
14      mailing today following ordinary business practices. I am readily familiar with this
15      agency's practice for collection and processing of correspondence for mailing; such
16      correspondence would be deposited with the U.S. Postal Service on the same day in the
17      ordinary course of business.
18      ☐ PERSONAL DEPOSIT IN MAIL: By placing in sealed envelope(s), which I personally
19      deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S.
20      Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.
21      ☐ EXPRESS U.S. MAIL: Each such envelope was deposited in a facility regularly
22      maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles,
23      California, with Express Mail postage paid.
24      ☐ HAND DELIVERY: I caused to be hand delivered each such envelope to the office of
25      the addressee as stated on the attached service list.
26      ☒ UNITED PARCEL SERVICE: By placing in sealed envelope(s) designated by United
27      Parcel Service ("UPS") with delivery fees paid or provided for, which I
28      deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at
29      Buffalo, New York.
30      ☐ ELECTRONIC MAIL: By transmitting the document by electronic mail to the electronic
31      mail address as stated on the attached service list.
32      ☐ E-FILING: By causing the document to be electronically filed via the Court's CM/ECF
33      system, which effects electronic service on counsel who are registered with the CM/ECF
34      system.
35      ☐ FAX: By transmitting the document by facsimile transmission. The transmission was
36      reported as complete and without error.
37
38      I declare under penalty of perjury that the foregoing is true and correct.
39      Date: May 30, 2022 /s/ Vicki Medlen

3



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
**WASHINGTON, DC 20549-2465**

Office of FOIA Services

January 4, 2022

Mr. William H. Venema
Jackson Walker LLP
100 Congress Avenue
Suite 1100
Austin, TX 78701

*Proof SEC HAD 568,000*
*Internal Document Referencing*
*the Ponzi Scheme in 2012*

    RE:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
          Request No. **22-00610-FOIA**

Dear Mr. Venema:

This letter is in reference to your request, dated and
received in this office on November 15, 2021, for access to "[a]ll
emails that were:

    (i)  sent or received by anyone at the SEC during the
         months of March and April of 2012 AND

    (ii) mention: (A) PREPA or Puerto Rico AND (B) Forbes,
         Prosser, Cate Long, Reuters, MuniLand, or Muniland."

Reference is also made to our letter dated November 16,
2021, in which we denied your request for a fee waiver. We also
informed you that the $61.00 you agreed to pay for FOIA
processing fees was insufficient to cover the anticipated
processing costs, which we estimated to be approximately
$244.00.

We will be unable to respond to your request within the
Freedom of Information Act's twenty day statutory time period, as
there are unusual circumstances which impact on our ability to
quickly process your request. Therefore, we are invoking the 10
day extension. These unusual circumstances are: (a) the need to
search for and collect records from an organization geographically
separated from this office; (b) the potential volume of records
responsive to your request; and (c) the need for consultation with
one or more other offices having a substantial interest in either
the determination or the subject matter of the records. For these
reasons, we will process your case consistent with the order in
which we received your request.

Mr. William H. Venema                                    22-00610-FOIA
January 4, 2022
Page 2


        We have identified approximately 9.47 gigabytes of electronic
communications (which is equal to approximately 568,200 pages of
records[1]) that may be responsive to your request.  Under the FOIA,
you are considered a "Commercial Use" requester.  As such, you are
required to pay for search and review costs in accordance with our
fee schedule.[2]  However, in accordance with the provisions of the
FOIA Improvement Act of 2016, all search time will be waived in
this instance.  Therefore, you will only be charged for review
fees.

        We typically estimate it will take a staff member one (1)
hour to review approximately 50 pages of emails.  Therefore, we
estimate it will take approximately 11,364 hours to review the
records for responsiveness and releasability under the FOIA.

        Since the records are voluminous, if requested, we would
process them in our Complex track.  Under 5 U.S.C. §
552(a)(6)(D) agencies may provide for multi-track processing of
requests for records based on the amount of work or time (or
both) involved in processing requests.  The SEC's regulation
implementing multi-track processing is located at 17 CFR §
200.80(d)(4).

        At present, we anticipate that it may take thirty-six
months or more before we can begin to process a request placed
in our Complex track.  Therefore, you may want to consider
narrowing the scope of your request.

        If you are interested in having us place your request in
our Complex track, please write or call me by **January 19, 2022**
and identify the records of interest to you and specify an
amount you are willing to pay for review fees.  Note, you will
be charged fees even if the data located is subsequently
determined to be exempt under the FOIA.

        If you have any questions, or if you would like to discuss
ways in which you can narrow the scope of your request to
possibly avoid placement in our Complex track, please contact me
at neilsonc@sec.gov or (202) 551-3149.  You may also contact me
at foiapa@sec.gov or (202) 551-7900.  You may also contact the

---

[1] Please note that estimating the page equivalent of electronic data is not a
precise measurement; consequently, the exact number of pages may be more or
less than estimated here.  In addition, the results may have yielded several
false hits which we cannot determine until we begin to review the records.
[2] Search and review time is charged in quarter hour increments at a rate of
$29/hour (SK-8 or below), $61/hour (SK-9 to SK-13), and $89/hour (SK-14 or
above).  The standard per hour cost for search and review time is $61.00.

Mr. William H. Venema                          22-00610-FOIA
January 4, 2022
Page 3

SEC's FOIA Public Service Center at foiapa@sec.gov or (202) 551-
7900.   For more information about the FOIA Public Service Center
and other options available to you please see the attached
addendum.

                              Sincerely,

                              Curtis Neilson
                              FOIA Research Specialist

Enclosure

# ADDENDUM

For further assistance you can contact a SEC FOIA Public Liaison by calling (202) 551-7900 or visiting https://www.sec.gov/oso/help/foia-contact.html.

SEC FOIA Public Liaisons are supervisory staff within the Office of FOIA Services. They can assist FOIA requesters with general questions or concerns about the SEC's FOIA process or about the processing of their specific request.

In addition, you may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA dispute resolution services it offers. OGIS can be reached at 1-877-684-6448 or via e-mail at ogis@nara.gov. Information concerning services offered by OGIS can be found at their website at Archives.gov. Note that contacting the FOIA Public Liaison or OGIS does not stop the 90-day appeal clock and is not a substitute for filing an administrative appeal.



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549-2465

**Office of FOIA Services**

September 9, 2021

Mr. Richard Lawless
Commercial Solar Power, Inc.
30279 Redding Avenue
Murrieta, CA 92563

*NO Other Whistleblower Richard Lawless -only one*

Re:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
     Request No. **21-02517-FOIA**

Dear Mr. Lawless:

This letter is in response to your request, dated and
received in this office on August 9, 2021, for any internal SEC
memorandum that indicates that the SEC received earlier
whistleblower complaints than the whistleblower compliant filed
on July 30,2015 regarding the Puerto Rico, seventy-four-billion
dollar municipal bond default.

Based on the information you provided in your letter, we
conducted a thorough search of the SEC's various systems of
records, but did not locate or identify any information
responsive to your request.

If you still have reason to believe that the SEC maintains
the type of information you seek, please provide us with
additional information, which could prompt another search.
Otherwise, we conclude that no responsive information exists and
we consider this request to be closed.

You have the right to appeal the adequacy of our search or
finding of no responsive information to the SEC's General Counsel
under 5 U.S.C. § 552(a)(6), 17 CFR § 200.80(f)(1).  The appeal
must be received within ninety (90) calendar days of the date of
this adverse decision. Your appeal must be in writing, clearly
marked "Freedom of Information Act Appeal," and should identify
the requested records. The appeal may include facts and
authorities you consider appropriate.

You may file your appeal by completing the online Appeal form
located at https://www.sec.gov/forms/request appeal, or mail your
appeal to the Office of FOIA Services of the Securities and
Exchange Commission located at Station Place, 100 F Street NE,
Mail Stop 2465, Washington, D.C. 20549, or deliver it to Room 1120
at that address.

Mr. Richard Lawless                                        21-02517-FOIA
September 9, 2021
Page 2


        If you have any questions, please contact me at
osbornes@sec.gov or (202) 551-8371.  You may also contact me at
foiapa@sec.gov or (202) 551-7900.  You may also contact the
SEC's FOIA Public Service Center at foiapa@sec.gov or (202) 551-
7900.  For more information about the FOIA Public Service Center
and other options available to you please see the attached
addendum.

                              Sincerely,

                              Sonja Osborne
                              Sonja Osborne
                              FOIA Lead Research Specialist


Enclosure

# ADDENDUM

For further assistance you can contact a SEC FOIA Public
Liaison by calling (202) 551-7900 or visiting
https://www.sec.gov/oso/help/foia-contact.html.

SEC FOIA Public Liaisons are supervisory staff within the
Office of FOIA Services.  They can assist FOIA requesters with
general questions or concerns about the SEC's FOIA process or
about the processing of their specific request.

In addition, you may also contact the Office of Government
Information Services (OGIS) at the National Archives and Records
Administration to inquire about the FOIA dispute resolution
services it offers.  OGIS can be reached at 1-877-684-6448 or via
e-mail at ogis@nara.gov.  Information concerning services offered
by OGIS can be found at their website at Archives.gov.  Note that
contacting the FOIA Public Liaison or OGIS does not stop the 90-
day appeal clock and is not a substitute for filing an
administrative appeal.



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
**WASHINGTON, DC 20549-2465**

Office of FOIA Services

May 6, 2022

Mr. Richard Lawless
30279 Redding Avenue
Murrieta, CA 92563

> Re: Freedom of Information Act (FOIA), 5 U.S.C. § 552
> Request No. **22-00017-FOPA**

Dear Mr. Lawless:

*ORIginal Request 59
for 6 years generated
37,000 PAGES*

This letter is in response to your request, dated November
1, 2021, and received in this office on November 2, 2021, for
"copies of all internal emails regarding Richard Lawless or that
include the names 'Richard Lawless', 'Lawless' or 'Richard R.
Lawless' and any SEC employee, with all forwards and responses
between **August 1, 2016 and November 30ᵗʰ 2016.** We are pursuing
all discussions within the internal email chain."

By letter dated January 20, 2022, we advised you that we
identified 3.49 gigabytes (equivalent to approximately 209,400
pages) of email records that may be responsive to your request.
Since the records were voluminous, we informed you that your
request required placement in our Complex track for processing
at a later date. We also offered you the opportunity to narrow
the scope of your request to possibly avoid placement in our
Complex track.

As reflected in email correspondence dated March 1, 2022
with Ms. Alexandra Verdi in the Office of the General Counsel,
we ran a narrowed search for any emails containing the search
term "Richard w/3 Lawless" sent to and from any SEC email
address for the period of August 1, 2016 through November 30,
2016, excluding any attachments.

The search for responsive records has resulted in the
retrieval of 117 pages of records that may be responsive to your
request. They are being provided to you with this letter,
except for internal discussions withheld under Exemption 5,
and staff and third-party names, e-mail addresses and telephone
numbers and other personal information, which are exempt

Mr. Richard Lawless                                    22-00017-FOPA
May 6, 2022
Page 2


from disclosure under Exemptions 6 and/or 7(C).  5 U.S.C. §
552(b)(5), (6) and (7)(C).  Please be advised that we have
considered the foreseeable harm standard in preparing this
response.

     Under Exemption 5, certain responsive information was
prepared in anticipation of litigation, forms an integral part
of the pre-decisional process, and/or contains advice given to
the Commission or senior staff by the Commission's attorneys.
Therefore, it is protected from release by the attorney work-
product, deliberative process and/or attorney-client privileges
embodied in Exemption 5.

     Under Exemption 6, the release of certain information
contained in the records would constitute a clearly unwarranted
invasion of personal privacy.  Likewise, under Exemption 7(C),
the release of the information could reasonably be expected to
constitute an unwarranted invasion of personal privacy.
Further, public identification of Commission staff could
conceivably subject them to harassment in the conduct of their
official duties and in their private lives.

     I am the deciding official with regard to this adverse
determination.  You have the right to appeal my decision to the
SEC's General Counsel under 5 U.S.C. § 552(a)(6), 17 CFR §
200.80(f)(1).  The appeal must be received within ninety (90)
calendar days of the date of this adverse decision.  Your appeal
must be in writing, clearly marked "Freedom of Information Act
Appeal," and should identify the requested records.  The appeal
may include facts and authorities you consider appropriate.

     You may file your appeal by completing the online Appeal form
located at https://www.sec.gov/forms/request appeal, or mail your
appeal to the Office of FOIA Services of the Securities and
Exchange Commission located at Station Place, 100 F Street NE,
Mail Stop 2465, Washington, D.C. 20549, or deliver it to Room 1120
at that address.

     Please be advised that among the 117 pages of records, 33
pages contain information from another agency, the Antitrust
Division of the Department of Justice (DOJ).  We have completed
our consultation with DOJ.  The DOJ redactions appear in purple

Mr. Richard Lawless                                    22-00017-FOPA
May 6, 2022
Page 3

color.  These records are being released to you with the exception
of certain information that is exempt from disclosure under 5
U.S.C. § 552(b)(5), (6), and/or 7(C) for the following reasons:

- Portions of the records were prepared in anticipation of
  litigation and form an integral part of the pre-
  decisional process.  Therefore, these portions are
  protected from release by the attorney work-product
  and/or deliberative process privileges embodied in
  Exemption 5.

- DOJ staff names, email addresses and telephone numbers,
  contained in the records have been withheld.  Under
  Exemption 6 the release of this information would
  constitute a clearly unwarranted invasion of personal
  privacy.  Likewise, under Exemption 7(C), the release of
  the information could reasonably be expected to constitute
  an unwarranted invasion of personal privacy.

If you are not satisfied with the Antitrust Division's
determination in response to this request[1] you may
administratively appeal by writing to the Director, Office of
Information Policy (OIP), United States Department of Justice, 441
G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit
an appeal through OIP's FOIA STAR portal by creating an account
following the instructions on OIP's
website: https://www.justice.gov/oip/submit-and-track-request-or-
appeal.  Your appeal must be postmarked or electronically
transmitted within 90 days of the date of my response to your
request.  If you submit your appeal by mail, both the letter and
the envelope should be clearly marked "Freedom of Information Act
Appeal."

If you have any questions, please contact Felecia Taylor of
my staff at taylorf@sec.gov or (202) 551-8349.  You may also
contact me at foiapa@sec.gov or (202) 551-7900.  You may also

---

[1] For your information, Congress excluded three discrete categories of
law enforcement and national security records from the requirements of
the FOIA.  See 5 U.S.C. § 552(c).  This response is limited to those
records that are subject to the requirements of the FOIA.  This is a
standard notification that is given to all our requesters and should
not be taken as an indication that excluded records do, or do not,
exist.

Mr. Richard Lawless                                    22-00017-FOPA
May 6, 2022
Page 4


contact the SEC's FOIA Public Service Center at foiapa@sec.gov
or (202) 551-7900.  For more information about the FOIA Public
Service Center and other options available to you please see the
attached addendum.

                                   Sincerely,

                                   L Katilig

                                   Lizzette Katilius
                                   FOIA Branch Chief


Enclosures

# ADDENDUM

For further assistance you can contact a SEC FOIA Public Liaison by calling (202) 551-7900 or visiting https://www.sec.gov/oso/help/foia-contact.html.

SEC FOIA Public Liaisons are supervisory staff within the Office of FOIA Services.   They can assist FOIA requesters with general questions or concerns about the SEC's FOIA process or about the processing of their specific request.

In addition, you may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA dispute resolution services it offers.   OGIS can be reached at 1-877-684-6448 or via e-mail at ogis@nara.gov.   Information concerning services offered by OGIS can be found at their website at Archives.gov.   Note that contacting the FOIA Public Liaison or OGIS does not stop the 90-day appeal clock and is not a substitute for filing an administrative appeal.

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

Stop 9613                                                                April 19, 2022

*Via electronic mail*
richardrlawless@gmail.com

Mr. Richard Lawless
30279 Redding Avenue
Murrieta, CA 92563

> Re:   Appeal, Freedom of Information Act Request No. 22-00015-FOPA, designated on
> appeal as No. 22-00254-APPS

Dear Mr. Lawless:

This responds to your Freedom of Information Act (FOIA) appeal of the FOIA Officer's
response to your November 2, 2021 FOIA request for "copies of all Gary Gensler emails with
responses and forwards regarding discussions about Richard Lawless or that include the names
'Richard Lawless,' 'Lawless,' or 'Richard R. Lawless' between April 17, 2021 and October 22,
2021," including "all discussions within the internal email chain." By letter dated January 2, 2022,
the FOIA Office informed you that its search did not locate any responsive records. On March 11,
2022, the FOIA Office issued an amended response and released to you 106 pages of records with
SEC staff email addresses and telephone numbers redacted pursuant to FOIA Exemption 6.[1]

On March 14, 2022, you filed this appeal challenging the adequacy of the search conducted
by the FOIA Office.[2] I have considered your appeal, and it is denied.

The FOIA requires agencies to conduct a reasonable search for records responsive to a
request.[3] A reasonable search is one that is calculated to locate relevant documents.[4] The question
raised by a challenge to the adequacy of a search is "whether the search was reasonably calculated

---

[1] The FOIA Office informed you that an additional email address should have been searched which prompted the FOIA
Office to conduct another search for responsive emails.

[2] As you do not question the withholding of information under Exemption 6, these withholdings are not at issue in this
appeal decision.

[3] *See Porup v. CIA*, 997 F.3d 1224, 1237 (D.C. Cir. 2021); *see also DiBacco v. Dep't of the Army*, 926 F.3d 827, 832-33
(D.C. Cir. 2019) (agency's "search efforts [must be] reasonable and logically organized to uncover relevant documents
but [ ] need not knock down every search design advanced by every requester") (internal quotations omitted).

[4] *See Amadis v. Dep't of State*, 971 F.3d 364, 368 (D.C. Cir. 2020).

to discover the requested documents, not whether it actually uncovered every document extant."[5]
"[T]he adequacy of a FOIA search is generally determined not by the fruits of the search, but by the
appropriateness of the methods used to carry out the search."[6] Further, "there is no requirement that
an agency search every record system."[7]

To conduct a search for "all Gary Gensler emails with responses and forwards regarding
discussions about Richard Lawless or that include the names 'Richard Lawless,' 'Lawless' or
'Richard R. Lawless' between April 17, 2021 and October 22, 2021," the SEC's Office of
Information Technology (OIT) conducted multiple searches of Chairman Gensler's SEC email
addresses (including his internal and public facing emails addresses) for any emails he sent or
received that contain the search terms "Richard Lawless," "Lawless," or "Richard R. Lawless" for
the period of April 17, 2021 to October 22, 2021. OIT's email searches identified a total of 106
pages of responsive records that the FOIA Office released to you.

You state in your appeal that the "SEC's response failed to produce a single email from Gary
Gensler and no email forwards or replies from Gary Gensler." On appeal, my staff reviewed the
files associated with the email searches and communicated with staff that facilitated the searches.
Had Chairman Gensler sent or forwarded any emails containing the variations of your name (as
supplied by you) between April 17, 2021 and October 22, 2021, such emails would have been
identified in OIT's email searches due to how the email searches were constructed. Taken together,
the SEC's search for emails was conducted in accordance with the search parameters identified in
your request. Accordingly, the FOIA Office's search was reasonably calculated to identify the
requested emails.[8]

You have the right to seek judicial review by instituting an action in the United States
District Court for the District of Columbia or in the district where you reside or have your principal
place of business.[9] Voluntary mediation services as a non-exclusive alternative to litigation are also
available through the National Archives and Records Administration's Office of Government
Information Services (OGIS). For more information, please visit www.archives.gov/ogis or contact
OGIS at ogis@nara.gov or 1-877-684-6448.

---

[5] *Twist v. Gonzales*, 171 F. App'x 855, 855 (D.C. Cir. 2005) (quoting *SafeCard Services, Inc. v. SEC*, 926 F.2d 1197,
1202 (D.C. Cir. 1991)).

[6] *Jennings v. Dep't of Justice*, 230 F. App'x 1, 1 (D.C. Cir. 2007) (quoting *Iturralde v. Comptroller of the Currency*, 315
F.3d 311, 315 (D.C. Cir. 2003)).

[7] *Nat'l Sec. Counselors v. CIA*, 320 F. Supp. 3d 200, 210 (D.D.C. 2018) (citing *Oglesby v. Dep't of the Army*, 920 F.2d
57, 68 (D.C. Cir. 1990)).

[8] *See In re: Clinton*, 973 F.3d 106, 116 (D.C. Cir. 2020) ("[A]n agency responding to a FOIA request is simply required
to conduct a search *reasonably calculated* to uncover all *relevant documents*.") (internal quotations omitted).

[9] 5 U.S.C. § 552(a)(4)(B).

2

If you have any questions concerning my determination, please contact Mark Tallarico,
Senior Counsel, at 202-551-5132.

> For the Commission
> by delegated authority,

Sasser, Tracey Digitally signed by Sasser, Tracey
                Date: 2022.04.19 17:05:04 -04'00'

> Tracey Sasser
> Associate General Counsel for
>   Litigation and Administrative Practice

3

2

Mr. Richard Lawless                          22-00016-FOPA
April 14, 2022
Page 2


are exempt from disclosure under Exemptions 6 and/or 7(C).
5 U.S.C. § 552(b)(5), (6) and (7)(C). We are also withholding
21 pages of records in their entirety under Exemption 5. Please
be advised that we have considered the foreseeable harm standard
in preparing this response.

        Under Exemption 5, certain responsive information was
prepared in anticipation of litigation, forms an integral part
of the pre-decisional process, and/or contains advice given to
the Commission or senior staff by the Commission's attorneys.
Therefore, it is protected from release by the attorney work-
product, deliberative process and/or attorney-client privileges
embodied in Exemption 5.

        Under Exemption 6, the release of certain information
contained in the records would constitute a clearly unwarranted
invasion of personal privacy. Likewise, under Exemption 7(C),
the release of the information could reasonably be expected to
constitute an unwarranted invasion of personal privacy.
Further, public identification of Commission staff could
conceivably subject them to harassment in the conduct of their
official duties and in their private lives.

        I am the deciding official with regard to this adverse
determination. You have the right to appeal my decision to the
SEC's General Counsel under 5 U.S.C. § 552(a)(6), 17 CFR §
200.80(f)(1). The appeal must be received within ninety (90)
calendar days of the date of this adverse decision. Your appeal
must be in writing, clearly marked "Freedom of Information Act
Appeal," and should identify the requested records. The appeal
may include facts and authorities you consider appropriate.

        You may file your appeal by completing the online Appeal form
located at https://www.sec.gov/forms/request_appeal, or mail your
appeal to the Office of FOIA Services of the Securities and
Exchange Commission located at Station Place, 100 F Street NE,
Mail Stop 2465, Washington, D.C. 20549, or deliver it to Room 1120
at that address.

        If you have any questions, please contact Felecia Taylor of
my staff at taylorf@sec.gov or (202) 551-8349. You may also
contact me at foiapa@sec.gov or (202) 551-7900. You may also

Mr. Richard Lawless                                    22-00016-FOPA
April 14, 2022
Page 3


contact the SEC's FOIA Public Service Center at foiapa@sec.gov
or (202) 551-7900.  For more information about the FOIA Public
Service Center and other options available to you please see the
attached addendum.

                                  Sincerely,

                                  L Katilig

                                  Lizzette Katilius
                                  FOIA Branch Chief

Enclosures

## ADDENDUM

For further assistance you can contact a SEC FOIA Public
Liaison by calling (202) 551-7900 or visiting
https://www.sec.gov/oso/help/foia-contact.html.

SEC FOIA Public Liaisons are supervisory staff within the
Office of FOIA Services.  They can assist FOIA requesters with
general questions or concerns about the SEC's FOIA process or
about the processing of their specific request.

In addition, you may also contact the Office of Government
Information Services (OGIS) at the National Archives and Records
Administration to inquire about the FOIA dispute resolution
services it offers.  OGIS can be reached at 1-877-684-6448 or via
e-mail at ogis@nara.gov.  Information concerning services offered
by OGIS can be found at their website at Archives.gov.  Note that
contacting the FOIA Public Liaison or OGIS does not stop the 90-
day appeal clock and is not a substitute for filing an
administrative appeal.

 Gmail                                    **Richard Lawless <richardrlawless@gmail.com>**

# RE: FOIA Request Nos. 22-00015-FOPA, 22-00016-FOPA, 21-00159-FOPA, and 22-00017-FOPA

1 message

**Verdi, Alexandra** <VerdiM@sec.gov>                        Wed, Mar 16, 2022 at 2:43 PM
To: Richard Lawless <richardrlawless@gmail.com>

Mr. Lawless,

By way of update, the processing of the narrowed FOIA Request Nos. 22-00016-FOPA, 21-00159-FOPA, and 22-00017-FOPA as delineated in my March 1, 2022 email to you is still ongoing. I will provide a further update as soon as possible.

Sincerely,                                  Attempt to trick Plantiff
                                            into Changing original
Alexandra Verdi                             Request in Exchange
                                            for promises SEC Failed
Office of the General Counsel               to Keep.

U.S. Securities and Exchange Commission

100 F Street, NE

Washington, DC 20549

(o) (202) 551-5057 | (c) (202) 368-8136

verdim@sec.gov

**From:** Richard Lawless <richardrlawless@gmail.com>
**Sent:** Wednesday, March 2, 2022 8:25 PM
**To:** Verdi, Alexandra <VerdiM@SEC.GOV>
**Cc:** Daniel Drummond <dan@ithakah.com>
**Subject:** Re: FOIA Request Nos. 22-00015-FOPA, 22-00016-FOPA, 21-00159-FOPA, and 22-00017-FOPA

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you
recognize the sender and know the content is safe.

Alexandra,

Thank you for the up-date.

On Wed, Mar 2, 2022 at 3:29 PM Verdi, Alexandra <VerdiM@sec.gov> wrote:

Mr. Lawless,

Our position is that there is no obligation for us to review for responsiveness the records returned by the proposed
narrowed FOIA request searches. Nevertheless, in an effort to settle this lawsuit and to release to you documents
that you seek through your FOIA requests, we will review the records returned by the narrowed searches run for
FOIA Request Nos. 22-00015-FOPA, 22-00016-FOPA, 21-00159-FOPA, and 22-00017-FOPA as delineated in my
March 1, 2022 email and release any responsive, non-exempt records to you. The SEC anticipates that it will be
able to release to you any responsive, non-exempt records by March 18, 2022.

Sincerely,

Alexandra Verdi

Office of the General Counsel

U.S. Securities and Exchange Commission

100 F Street, NE

Washington, DC 20549

(o) (202) 551-5057 | (c) (202) 368-8136

verdim@sec.gov

**From:** Richard Lawless <richardrlawless@gmail.com>
**Sent:** Tuesday, March 1, 2022 5:42 PM
**To:** Verdi, Alexandra <VerdiM@SEC.GOV>
**Cc:** Daniel Drummond <dan@ithakah.com>
**Subject:** Re: FOIA Request Nos. 22-00015-FOPA, 22-00016-FOPA, 21-00159-FOPA, and 22-00017-FOPA

---

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Hi Alexandra,

Given the SEC's past FOIA violations and responses that were wholly inconsistent with the original FOIA requests, I am uncomfortable allowing the SEC to act as "referee" in determining what FOIA documents I will receive. I also do not believe that the FOIA statute allows for this type of "conditions" based response from the SEC. There is no need for me to agree to anything that is not required by the FOIA statute. I would encourage the SEC to move forward on your recommended actions because if the fulfillment is consistent with what you are suggesting, it is highly unlikely that I would need to revisit any of these requests.

If however, you feel I need to "accept" your "conditions" or my FOIA requests will not be fulfilled or they will be inappropriately assigned to the complex track, I would ask the Judge to review the legal justification of your conditioned responses.

**"Under this arrangement, you will also agree not to ask for a further search in connection with FOIA Request No. 22-00015-FOPA**

**Under this arrangement, you will also agree not to ask for a further search in connection with FOIA Request No. 22-00016-FOPA**

**Under this arrangement, you will also agree not to ask for a further search in connection with FOIA Request Nos. 21-00159-FOPA and 22-00017-FOPA."**

**Sincerely,**


**Richard Lawless**


On Tue, Mar 1, 2022 at 7:23 AM Verdi, Alexandra <VerdiM@sec.gov> wrote:

Mr. Lawless,


I am writing in connection with FOIA Request Nos. 22-00015-FOPA, 22-00016-
FOPA, 21-00159-FOPA, and 22-00017-FOPA.


FOIA Request No. 22-00015-FOPA

FOIA Request No. 22-00015-FOPA seeks "copies of all Gary Gensler emails with
responses and forwards regarding discussions about Richard Lawless or that include
the names 'Richard Lawless', 'Lawless' or 'Richard R. Lawless' between between
[sic] April 17, 2021 and October 22, 2021. We are pursuing all discussions within the
internal email chain."


By email on January 26, 2022, I informed you that an additional search for email
records connected to another email address associated with Chairman Gensler
would be appropriate to identify records potentially responsive to your request.
Approximately 330 email records, including family members, were returned from that
additional search and may be responsive to your request. Approximately 80 emails,
including attachments, were sent by you.


I propose the following. The SEC will exclude from its review any email sent by you.
The SEC will review for responsiveness the remaining records and will release any
responsive, non-exempt records to you. The SEC anticipates that it will be able to
release to you any responsive, non-exempt records by March 18, 2022. This review
and release of responsive, non-exempt records will satisfy your FOIA Request No.
22-00015-FOPA. Under this arrangement, you will also agree not to ask for a further
search in connection with FOIA Request No. 22-00015-FOPA.

FOIA Request No. 22-00016-FOPA

FOIA Request No. 22-00016-FOPA seeks "all Sue Curtin emails regarding Richard
Lawless or that include the names 'Richard Lawless', 'Lawless' or 'Richard R.
Lawless' with all forwards and responses between July 15, 2015 and October 30th,
2015. We are pursuing all discussions within the internal email chain."


As we discussed by email on February 4, 2022, in an attempt to narrow your FOIA
request so that it may be processed outside of the Complex Track, we have run a
search for all emails sent to or from Sue Curtin containing the word "Lawless" in the
time period of July 15, 2015 through October 30, 2015, excluding any attachments.


As stated previously, I am providing you with a high level overview of any potentially
responsive records before we conduct a complete review. The search returned
approximately 110 emails that contain the search term "Lawless." Approximately 25
emails are between you and Ms. Curtin.


I propose the following. The SEC will exclude from its review any email sent to or
from you. The SEC will review for responsiveness the remaining records and will
release any responsive, non-exempt records to you. The SEC anticipates that it will
be able to release to you any responsive, non-exempt records by March 18, 2022.
This review and release of responsive, non-exempt records will satisfy your FOIA
Request No. 22-00016-FOPA. Under this arrangement, you will also agree not to
ask for a further search in connection with FOIA Request No. 22-00016-FOPA.


FOIA Request Nos. 21-00159-FOPA and 22-00017-FOPA

FOIA Request No. 21-00159-FOPA seeks all SEC internal communications
regarding Richard Lawless for the period of September 1, 2016 through May 21,
2021. FOIA Request No. 22-00017-FOPA seeks "all internal emails regarding
Richard Lawless or that include the names 'Richard Lawless', 'Lawless' or 'Richard
R. Lawless' and any SEC employee, with all forwards and responses between
August 1, 2016 and November 30th 2016. We are pursuing all discussions within the
internal email chain."


As we discussed by email on January 26, 2022, in an attempt to narrow your FOIA
requests so that they may be processed outside of the Complex Track, we have run
a search for any emails containing the search term "Richard w/3 Lawless" sent to

and from any SEC email address for the period of August 1, 2016 through November
30, 2016, excluding any attachments.

As stated previously, I am providing you with a high level overview of any potentially
responsive records before we conduct a complete review. The search returned
approximately 65 emails that contain "Richard" within three words of "Lawless."

I propose the following. The SEC will review for responsiveness the records
returned by this search and will release any responsive, non-exempt records to you.
The SEC anticipates that it will be able to release to you any responsive, non-exempt
records by March 18, 2022. This review and release of responsive, non-exempt
records will satisfy your FOIA Request Nos. 21-00159-FOPA and 22-00017-FOPA.
Under this arrangement, you will also agree not to ask for a further search in
connection with FOIA Request Nos. 21-00159-FOPA and 22-00017-FOPA.

Please let me know if this arrangement is acceptable to you. If you do not wish to
proceed under this arrangement, we will place FOIA Request Nos. 22-00016-FOPA
and 22-00017-FOPA in the Complex Track. As you know, FOIA Request No. 21-
00159-FOPA is already in the Complex Track.

Sincerely,

Alexandra Verdi

Office of the General Counsel

U.S. Securities and Exchange Commission

100 F Street, NE

Washington, DC 20549

(o) (202) 551-5057 | (c) (202) 368-8136

verdim@sec.gov



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549-2465

Office of FOIA Services

## AMENDED RESPONSE

March 11, 2022

Mr. Richard Lawless
Commercial Solar Power, Inc.
30279 Redding Avenue
Murrieta, CA 92563

*[handwritten: 1st SEC Claimed No Email
2nd - there were 106 Pages
3rd - Plaintiff Would get them
4th - Plaintiff Can not have Any]*

Re: Freedom of Information Act (FOIA), 5 U.S.C. § 552
Request No. **22-00015-FOPA**

Dear Mr. Lawless:

Further reference is made to your request, dated November 1, 2021, and received in this office on November 2, 2021, for "copies of all Gary Gensler emails with responses and forwards regarding discussions about Richard Lawless or that include the names 'Richard lawless', 'Lawless' or 'Richard R. Lawless' between April 17, 2021 and October 22, 2021. We are pursuing all discussions within the internal email chain."

By letter dated January 20, 2022, we responded to your request and advised you that we did not identify any records responsive to your request. We also provided you with appeal rights for the adequacy of our search of finding no responsive records.

After further review, it was determined that an additional email address should have been searched. Our Information Technology Office has completed the search. As reflected in email correspondence with Alexandra Verdi on March 1, 2022, we excluded from our review any email sent by your email addresses richardrlawless@gmail.com and lawlessr@roadrunner.com.

The search for responsive records has resulted in the retrieval of 106 pages of records that may be responsive to your request. They are being provided to you with this letter, except for staff e-mail addresses and telephone numbers, which are exempt from disclosure under 5 U.S.C. § 552(b)(6). Under Exemption 6, the release of the information would constitute a clearly unwarranted invasion of personal privacy.

Mr. Richard Lawless                                  22-00015-FOPA
March 11, 2022
Page 2

    I am the deciding official with regard to this adverse
determination.  You have the right to appeal my decision to the
SEC's General Counsel under 5 U.S.C. § 552(a)(6), 17 CFR §
200.80(f)(1).  The appeal must be received within ninety (90)
calendar days of the date of this adverse decision.  Your appeal
must be in writing, clearly marked "Freedom of Information Act
Appeal," and should identify the requested records.  The appeal
may include facts and authorities you consider appropriate.

    You may file your appeal by completing the online Appeal form
located at https://www.sec.gov/forms/request appeal, or mail your
appeal to the Office of FOIA Services of the Securities and
Exchange Commission located at Station Place, 100 F Street NE,
Mail Stop 2465, Washington, D.C. 20549, or deliver it to Room 1120
at that address.

    If you have any questions, please contact Felecia Taylor of
my staff at taylorf@sec.gov or (202) 551-8349.  You may also
contact me at foiapa@sec.gov or (202) 551-7900.  You may also
contact the SEC's FOIA Public Service Center at foiapa@sec.gov
or (202) 551-7900.  For more information about the FOIA Public
Service Center and other options available to you please see the
attached addendum.

                                Sincerely,

                                Lizzette Katilius
                                FOIA Branch Chief

Enclosures

# ADDENDUM

For further assistance you can contact a SEC FOIA Public
Liaison by calling (202) 551-7900 or visiting
https://www.sec.gov/oso/help/foia-contact.html.

SEC FOIA Public Liaisons are supervisory staff within the
Office of FOIA Services.  They can assist FOIA requesters with
general questions or concerns about the SEC's FOIA process or
about the processing of their specific request.

In addition, you may also contact the Office of Government
Information Services (OGIS) at the National Archives and Records
Administration to inquire about the FOIA dispute resolution
services it offers.  OGIS can be reached at 1-877-684-6448 or via
e-mail at ogis@nara.gov.  Information concerning services offered
by OGIS can be found at their website at Archives.gov.  Note that
contacting the FOIA Public Liaison or OGIS does not stop the 90-
day appeal clock and is not a substitute for filing an
administrative appeal.

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

Stop 9613

March 9, 2022

*Via electronic mail*
richardrlawless@gmail.com

Mr. Richard Lawless
Commercial Solar Power, Inc.
30279 Redding Avenue
Murrieta, CA 92563

ALL OIG FOIA Documents
Denied.
no Records Released

Re:    Appeal, Freedom of Information Act Request No. 22-00001-OIGP, designated on
       appeal as No. 22-00244-APPS

Dear Mr. Lawless:

This responds to your Freedom of Information Act (FOIA) appeal of the FOIA Officer's
denial of your November 2, 2021 FOIA request, as clarified by you on December 13, 2021, for "all
emails sent, forwarded or responded to by other SEC Personnel or the Department of Justice by the
Inspector General, Carl Hoecker that include the names 'Richard Lawless,' 'Lawless,' or 'Richard
R. Lawless' between January 1, 2017 and October 22, 2021." By letter dated February 22, 2022, the
FOIA Officer granted your FOIA request in part. The FOIA Officer released to you 47 pages of
records with names and other identifying information redacted pursuant to FOIA Exemptions 6 and
7(C). The FOIA Officer also asserted Exemption 7(A) to redact information from two of the pages
released to you and to withhold two additional emails in their entirety.

On February 22, 2022, you filed this appeal challenging the FOIA Officer's invocation of
Exemption 7(A). I have considered your appeal, and it is denied.

The threshold requirement for Exemption 7 protection rests on whether the records or
information was compiled for a law enforcement purpose. Courts have found that the "law" to be
enforced within the meaning of the term "law enforcement purposes" covers both civil and criminal
statutes, as well as those statutes authorizing administrative proceedings (i.e., regulatory
proceedings).[1] The withheld emails and the information redacted from the emails between Office of

---

[1] *See, e.g., Vento v. IRS*, 714 F. Supp. 2d 137, 148 (D.D.C. 2010) (holding that distinguishing between civil and criminal
enforcement is incorrect because there "is no warrant in the law for that distinction and the federal courts have rejected
it"); *Morley v. CIA*, No. 03-2545, 2006 WL 2806561, at *14 (D.D.C. Sept. 29, 2006) (law enforcement "extends to civil
investigations and proceeding"); *Stone v. Def. Investigatory Serv.*, 816 F. Supp. 782, 787 (D.D.C. 1993) (protecting
foreign counterintelligence investigation and investigation into possible violation of federal statute); *Youngblood v.
Comm'r of Internal Revenue, United States*, No. 2:99-9253, 2000 WL 852449, at *10 (C.D. Cal. Mar. 7, 2000) (holding
that IRS "investigations or proceedings in the civil or criminal context" satisfy threshold); *Jefferson v. U.S. Dept. of*

Inspector General (OIG) employees meet Exemption 7's threshold requirement – that they were "compiled for law enforcement purposes" – as one of the responsibilities of the OIG is to investigate allegations of misconduct or wrongdoing.[2]

I have determined that the FOIA Officer correctly asserted Exemption 7(A).[3]  There is a two-step test to determine whether information is protected under Exemption 7(A), whether: (1) a law enforcement proceeding is pending or prospective, and (2) release of information about it could reasonably be expected to cause some articulable harm.[4]  You assert that "[t]hese crimes happened from 2010 to 2016 [and] the statute of limitations for criminal prosecutions have long since expired."  We have confirmed with OIG staff that the investigation associated with the withheld information is active and ongoing.[5]

Next, you argue that "where there is reason to believe the documents sought may shed light on government misconduct, the privilege is routinely denied because shielding internal government deliberations in this context does not serve the public's interest in honest, effective government."  You do not cite any law in support of this assertion.  The relevant consideration is whether disclosure would interfere with enforcement proceedings, and we have confirmed with OIG staff that disclosure of the withheld records and information could be reasonably expected to cause harm to the ongoing and active investigation because, among other things, individuals and entities of interest in the underlying investigation could fabricate evidence, influence witness testimony and/or destroy or alter certain documents.[6]  Public release of the records sought could also hinder the

---

*Justice*, 284 F.3d 172, 178 (D.C. Cir. 2002) (Exemption 7 "'covers investigatory files related to enforcement of all kinds of laws,' including those involving 'adjudicative proceedings'").

[2] *See, e.g., McMichael v. Dep't of Defense*, 910 F. Supp. 2d 47, 53 (D.D.C. 2012) (finding that the records were "compiled for law enforcement purposes because the IG investigation concerned allegations of misconduct, which, if proven to be true, would have constituted violations of [law and regulations]"); *Cappabianca v. Comm'r. U.S. Customs Serv.*, 847 F. Supp. 1558, 1565 (M.D. Fla. 1994) (stating that records of internal investigation focusing specifically on alleged acts that could result in civil or criminal sanctions were compiled for law enforcement purposes).

[3] Exemption 7(A) authorizes the withholding of "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information … could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A).

[4] *See, e.g., NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978) (holding that the government must show how records "would interfere with a pending enforcement proceeding"); *Juarez v. Dep't of Justice*, 518 F.3d 54, 58-59 (D.C. Cir. 2008) (explaining that government must show that its ongoing law enforcement proceeding could be harmed by premature release of evidence or information).

[5] *See OKC Corp. v. Williams*, 489 F. Supp. 576 (N.D. Tex. 1980) (SEC is not required to disclose requested materials directly tied to a pending investigation); *Nat'l Pub. Radio v. Bell*, 431 F. Supp. 509, 514-15 (D.D.C. 1977) (Congress intended that Exemption 7(A) would apply where disclosure may impede any necessary investigation prior to court proceedings); *Robbins Tire*, 437 U.S. at 232 (Congress intended that Exemption 7(A) would apply "whenever the Government's case in court … would be harmed by the premature release of evidence or information."); *Accuracy in Media, Inc. v. U.S. Secret Service*, C.A. No. 97-2108, 1998 U.S. Dist. Lexis 5798 at 11 (D.D.C. April 16, 1998) (affirmation that there is an active and on-going investigation is enough); *Marzen v. HHS*, 632 F. Supp. 785, 805 (N.D. Ill. 1985) (concluding that Exemption 7(A) prohibits disclosure of law enforcement records when their release "would interfere with enforcement proceedings, pending, contemplated, or in the future"), *aff'd*, 825 F.2d 1148 (7th Cir. 1987).

[6] *See Robbins Tire*, at 232 (Congress intended that Exemption 7(A) would apply "whenever the Government's case in court … would be harmed by the premature release of evidence or information.").

ongoing investigation by revealing cooperating witnesses and exposing the scope of the underlying
investigation.[7]

I have also considered whether partial disclosure of the withheld information is possible, but
have determined that it is not because such a disclosure would not be consistent with the purposes of
Exemption 7(A).[8]

Lastly, you state in your appeal that "[w]ithholding documents simply to deny the public
insight into SEC operations on a matter of national importance is contrary to the intent of the FOIA
statutes." I have considered your argument, but have determined that any public interest in
disclosure of the requested materials is outweighed by the potential harm that could result to the
OIG's ongoing investigation at this time.

Please be aware that my decision to affirm the FOIA Officer's assertion of Exemption 7(A)
should not be construed as an indication by the Commission or its staff that any violations of law
have occurred with respect to any person, entity, or security. As Exemption 7(A) precludes the
release of the information at this time, no determination has been made concerning the applicability
of any other FOIA exemptions. The Commission reserves the right to review the information to
assert any other exemption when Exemption 7(A) is no longer applicable.[9]

You have the right to seek judicial review by instituting an action in the United States
District Court for the District of Columbia or in the district where you reside or have your principal
place of business.[10] Voluntary mediation services as a non-exclusive alternative to litigation are

---

[7] *See, e.g., Shannahan v. IRS*, 672 F.3d 1142, 1150 (9th Cir. 2012) (the use of Exemption 7(A) was proper where agency
explained harm to ongoing investigation by showing that release could reveal identity of confidential informants and
thus hinder other individuals from cooperating, violate terms of an international agreement, and expose scope of
investigation); *Citizens for Responsibility & Ethics in Wash. v. Nat'l Indian Gaming Comm'n*, 467 F. Supp. 2d 40, 52
(D.D.C. 2006) (release of records regarding alleged misuse of tribal gaming revenues during investigation could allow
targets to ascertain direction of investigations, to identify potential charges to be brought, and to expose state and nature
of current investigations, thereby undermining federal investigations); *Suzhou Yuanda Enter. Co. v. Customs and Border
Prot.*, 404 F. Supp. 2d 9, 14 (D.D.C. 2005) (release of information "would interfere with an agency investigation [by]
informing the public of the evidence sought and scrutinized by this type of investigation"); *Elec. Privacy Info. Ctr. v.
DHS*, 384 F. Supp. 2d 100, 119 (D.D.C. 2005) ("release of this information could undermine the effectiveness" of
agency's investigation); *Judicial Watch v. Dep't of Justice*, 306 F. Supp. 2d 58, 75-76 (D.D.C. 2004) (release of
documents during course of investigation could damage agency's ability to obtain information); *Lynch v. Dep't of the
Treasury*, 210 F.3d 384, at *2 (9th Cir. 2000) (unpublished table decision) (agency declarations "made clear" that
release of records could harm "efforts at corroborating witness statements . . . alert potential suspects . . . [and] interfere
with surveillance"); *Solar Sources*, 142 F.3d at 1039 (disclosure could interfere by revealing "scope and nature" of
investigation); *Amnesty Int'l v. CIA*, 728 F. Supp. 2d 479, 526-27 (S.D.N.Y. 2010) (disclosure of information in open
investigations would reveal what individuals and activities were under investigation, what evidence had been collected,
and compromise confidentiality of investigation; such disclosures were "'precisely the kind of interference that
Congress . . . want[ed] to protect against'" (quoting *Robbins Tire*, at 247)).

[8] I further find that it is reasonably foreseeable that disclosure of the withheld records would harm interests protected by
Exemption 7(A) because such a disclosure could compromise ongoing enforcement proceedings.

[9] *See LeForce & McCombs, P.C. v. Dep't of Health and Human Services*, Case No. Civ-04-176-SH (E.D. Okla. Feb. 3,
2005) (an agency does not waive the right to invoke exemptions by not invoking such exemption during the
administrative processing of a FOIA request).

[10] 5 U.S.C. § 552(a)(4)(B).

3

also available through the National Archives and Records Administration's Office of Government
Information Services (OGIS). For more information, please visit www.archives.gov/ogis or contact
OGIS at ogis@nara.gov or 1-877-684-6448. If you have any questions concerning my
determination, please contact Mark Tallarico, Senior Counsel, at 202-551-5132.

For the Commission
by delegated authority,

Melinda Hardy

Melinda Hardy
Assistant General Counsel for
Litigation and Administrative Practice

4



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549-2465

Office of FOIA Services

January 4, 2022

Mr. William H. Venema
Jackson Walker LLP
100 Congress Avenue
Suite 1100
Austin, TX 78701

2012 FORBES ARtce
on Ponzi Schene

    RE:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
        Request No. **22-00611-FOIA**

Dear Mr. Venema:

    This letter is in reference to your request, dated and
received in this office on November 15, 2021, for access to "All
emails that were:

    (i)  sent or received by anyone at the SEC during the
        months of March and April of 2012 AND

    (ii) mention prosser (case sensitive)."

    Reference is also made to our letter dated November 16, 2021,
in which we denied your request for a fee waiver.  We also
informed you that the $61.00 you agreed to pay for FOIA processing
fees was insufficient to cover the anticipated processing costs,
which we estimated to be approximately $244.00.

    We will be unable to respond to your request within the
Freedom of Information Act's twenty day statutory time period, as
there are unusual circumstances which impact on our ability to
quickly process your request.  Therefore, we are invoking the 10
day extension.  These unusual circumstances are: (a) the need to
search for and collect records from an organization geographically
separated from this office; (b) the potential volume of records
responsive to your request; and (c) the need for consultation with
one or more other offices having a substantial interest in either
the determination or the subject matter of the records.  For these
reasons, we will process your case consistent with the order in
which we received your request.

Mr. William H. Venema                                    22-00611-FOIA
January 4, 2022
Page 2


     We have identified approximately 3.16 gigabytes of electronic
communications (which is equal to approximately 189,737 pages of
records[1]) that may be responsive to your request.  Under the FOIA,
you are considered a "Commercial Use" requester.  As such, you are
required to pay for search and review costs in accordance with our
fee schedule.[2]  However, in accordance with the provisions of the
FOIA Improvement Act of 2016, all search time will be waived in
this instance.  Therefore, you will only be charged for review
fees.

     We typically estimate it will take a staff member one (1)
hour to review approximately 50 pages of emails.  Therefore, we
estimate it will take approximately 3,794 hours to review the
records for responsiveness and releasability under the FOIA.

     Since the records are voluminous, if requested, we would
process them in our Complex track.  Under 5 U.S.C. § 552(a)(6)(D)
agencies may provide for multi-track processing of requests for
records based on the amount of work or time (or both) involved in
processing requests.  The SEC's regulation implementing multi-
track processing is located at 17 CFR § 200.80(d)(4).

     At present, we anticipate that it may take thirty-six
months or more before we can begin to process a request placed
in our Complex track.  Therefore, you may want to consider
narrowing the scope of your request.

     If you are interested in having us place your request in
our Complex track, please write or call me by **January 19, 2021**
and identify the records of interest to you and specify an
amount you are willing to pay for review fees.  Note, you will
be charged fees even if the data located is subsequently
determined to be exempt under the FOIA.

     If you have any questions, or if you would like to discuss
ways in which you can narrow the scope of your request to
possibly avoid placement in our Complex track, please contact me
at neilsonc@sec.gov or (202) 551-3149.  You may also contact me
at foiapa@sec.gov or (202) 551-7900.  You may also contact the

_____

[1] Please note that estimating the page equivalent of electronic data is not a
precise measurement; consequently, the exact number of pages may be more or
less than estimated here.  In addition, the results may have yielded several
false hits which we cannot determine until we begin to review the records.
[2] Search and review time is charged in quarter hour increments at a rate of
$29/hour (SK-8 or below), $61/hour (SK-9 to SK-13), and $89/hour (SK-14 or
above).  The standard per hour cost for search and review time is $61.00.

Mr. William H. Venema                                22-00611-FOIA
January 4, 2022
Page 3


SEC's FOIA Public Service Center at foiapa@sec.gov or (202) 551-
7900.  For more information about the FOIA Public Service Center
and other options available to you please see the attached
addendum.

                                    Sincerely,

                                    Curtis Neilson
                                    FOIA Research Specialist


Enclosure

# ADDENDUM

For further assistance you can contact a SEC FOIA Public
Liaison by calling (202) 551-7900 or visiting
https://www.sec.gov/oso/help/foia-contact.html.

SEC FOIA Public Liaisons are supervisory staff within the
Office of FOIA Services.  They can assist FOIA requesters with
general questions or concerns about the SEC's FOIA process or
about the processing of their specific request.

In addition, you may also contact the Office of Government
Information Services (OGIS) at the National Archives and Records
Administration to inquire about the FOIA dispute resolution
services it offers.  OGIS can be reached at 1-877-684-6448 or via
e-mail at ogis@nara.gov.  Information concerning services offered
by OGIS can be found at their website at Archives.gov.  Note that
contacting the FOIA Public Liaison or OGIS does not stop the 90-
day appeal clock and is not a substitute for filing an
administrative appeal.

 Gmail

**Richard Lawless <richardrlawless@gmail.com>**

# RE: FOIA Request Nos. 22-00015-FOPA, 22-00016-FOPA, 21-00159-FOPA, and 22-00017-FOPA

1 message

**Verdi, Alexandra** <VerdiM@sec.gov>
To: Richard Lawless <richardrlawless@gmail.com>

Wed, Mar 2, 2022 at 3:29 PM

Mr. Lawless,

Our position is that there is no obligation for us to review for responsiveness the records returned by the proposed narrowed FOIA request searches. Nevertheless, in an effort to settle this lawsuit and to release to you documents that you seek through your FOIA requests, we will review the records returned by the narrowed searches run for FOIA Request Nos. 22-00015-FOPA, 22-00016-FOPA, 21-00159-FOPA, and 22-00017-FOPA as delineated in my March 1, 2022 email and release any responsive, non-exempt records to you. The SEC anticipates that it will be able to release to you any responsive, non-exempt records by March 18, 2022.

Sincerely,

Alexandra Verdi

Office of the General Counsel

U.S. Securities and Exchange Commission

100 F Street, NE

Washington, DC 20549

(o) (202) 551-5057 | (c) (202) 368-8136

verdim@sec.gov

**From:** Richard Lawless <richardrlawless@gmail.com>
**Sent:** Tuesday, March 1, 2022 5:42 PM
**To:** Verdi, Alexandra <VerdiM@SEC.GOV>

**Cc:** Daniel Drummond <dan@ithakah.com>

**Subject:** Re: FOIA Request Nos. 22-00015-FOPA, 22-00016-FOPA, 21-00159-FOPA, and 22-00017-FOPA

---

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Hi Alexandra,

Given the SEC's past FOIA violations and responses that were wholly inconsistent with the original FOIA requests, I am uncomfortable allowing the SEC to act as "referee" in determining what FOIA documents I will receive. I also do not believe that the FOIA statute allows for this type of "conditions" based response from the SEC. There is no need for me to agree to anything that is not required by the FOIA statute. I would encourage the SEC to move forward on your recommended actions because if the fulfillment is consistent with what you are suggesting, it is highly unlikely that I would need to revisit any of these requests.

If however, you feel I need to "accept" your "conditions" or my FOIA requests will not be fulfilled or they will be inappropriately assigned to the complex track, I would ask the Judge to review the legal justification of your conditioned responses.

**"Under this arrangement, you will also agree not to ask for a further search in connection with FOIA Request No. 22-00015-FOPA**

**Under this arrangement, you will also agree not to ask for a further search in connection with FOIA Request No. 22-00016-FOPA**

**Under this arrangement, you will also agree not to ask for a further search in connection with FOIA Request Nos. 21-00159-FOPA and 22-00017-FOPA."**

**Sincerely,**

**Richard Lawless**

On Tue, Mar 1, 2022 at 7:23 AM Verdi, Alexandra <VerdiM@sec.gov> wrote:

Mr. Lawless,

I am writing in connection with FOIA Request Nos. 22-00015-FOPA, 22-00016-FOPA, 21-00159-FOPA, and 22-00017-FOPA.

FOIA Request No. 22-00015-FOPA

FOIA Request No. 22-00015-FOPA seeks "copies of all Gary Gensler emails with responses and forwards regarding discussions about Richard Lawless or that include the names 'Richard Lawless', 'Lawless' or 'Richard R. Lawless' between between [sic] April 17, 2021 and October 22, 2021. We are pursuing all discussions within the internal email chain."

By email on January 26, 2022, I informed you that an additional search for email records connected to another email address associated with Chairman Gensler would be appropriate to identify records potentially responsive to your request. Approximately 330 email records, including family members, were returned from that additional search and may be responsive to your request. Approximately 80 emails, including attachments, were sent by you.

I propose the following. The SEC will exclude from its review any email sent by you. The SEC will review for responsiveness the remaining records and will release any responsive, non-exempt records to you. The SEC anticipates that it will be able to release to you any responsive, non-exempt records by March 18, 2022. This review and release of responsive, non-exempt records will satisfy your FOIA Request No. 22-00015-FOPA. Under this arrangement, you will also agree not to ask for a further search in connection with FOIA Request No. 22-00015-FOPA.

FOIA Request No. 22-00016-FOPA

FOIA Request No. 22-00016-FOPA seeks all Sue Curtin emails regarding Richard
Lawless or that include the names 'Richard Lawless', 'Lawless' or 'Richard R. Lawless'
with all forwards and responses between July 15, 2015 and October 30th, 2015. We
are pursuing all discussions within the internal email chain."


As we discussed by email on February 4, 2022, in an attempt to narrow your FOIA
request so that it may be processed outside of the Complex Track, we have run a
search for all emails sent to or from Sue Curtin containing the word "Lawless" in the
time period of July 15, 2015 through October 30, 2015, excluding any attachments.


As stated previously, I am providing you with a high level overview of any potentially
responsive records before we conduct a complete review. The search returned
approximately 110 emails that contain the search term "Lawless." Approximately 25
emails are between you and Ms. Curtin.


I propose the following. The SEC will exclude from its review any email sent to or from
you. The SEC will review for responsiveness the remaining records and will release
any responsive, non-exempt records to you. The SEC anticipates that it will be able to
release to you any responsive, non-exempt records by March 18, 2022. This review
and release of responsive, non-exempt records will satisfy your FOIA Request No. 22-
00016-FOPA. Under this arrangement, you will also agree not to ask for a further
search in connection with FOIA Request No. 22-00016-FOPA.


FOIA Request Nos. 21-00159-FOPA and 22-00017-FOPA

FOIA Request No. 21-00159-FOPA seeks all SEC internal communications regarding
Richard Lawless for the period of September 1, 2016 through May 21, 2021. FOIA
Request No. 22-00017-FOPA seeks "all internal emails regarding Richard Lawless or
that include the names 'Richard Lawless', 'Lawless' or 'Richard R. Lawless' and any
SEC employee, with all forwards and responses between August 1, 2016 and
November 30th 2016. We are pursuing all discussions within the internal email chain."


As we discussed by email on January 26, 2022, in an attempt to narrow your FOIA
requests so that they may be processed outside of the Complex Track, we have run a
search for any emails containing the search term "Richard w/3 Lawless" sent to and
from any SEC email address for the period of August 1, 2016 through November 30,
2016, excluding any attachments.

As stated previously, I am providing you with a high level overview of any potentially responsive records before we conduct a complete review.  The search returned approximately 65 emails that contain "Richard" within three words of "Lawless."

I propose the following.  The SEC will review for responsiveness the records returned by this search and will release any responsive, non-exempt records to you.  The SEC anticipates that it will be able to release to you any responsive, non-exempt records by March 18, 2022.  This review and release of responsive, non-exempt records will satisfy your FOIA Request Nos. 21-00159-FOPA and 22-00017-FOPA.  Under this arrangement, you will also agree not to ask for a further search in connection with FOIA Request Nos. 21-00159-FOPA and 22-00017-FOPA.

Please let me know if this arrangement is acceptable to you.  If you do not wish to proceed under this arrangement, we will place FOIA Request Nos. 22-00016-FOPA and 22-00017-FOPA in the Complex Track.  As you know, FOIA Request No. 21-00159-FOPA is already in the Complex Track.

Sincerely,

Alexandra Verdi

Office of the General Counsel

U.S. Securities and Exchange Commission

100 F Street, NE

Washington, DC 20549

(o) (202) 551-5057 | (c) (202) 368-8136

verdim@sec.gov



**UNITED STATES**

**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
**WASHINGTON, DC 20549-2465**

**Office of FOIA Services**

February 23, 2022

Mr. Richard Lawless
Commercial Solar Power, Inc.
30279 Redding Avenue
Murrieta, CA 92563

> Re: Freedom of Information Act (FOIA), 5 U.S.C. § 552
>     Appeal No. **22-00244-APPS** (22-00110-APPS & 22-00001-OIGP)

Dear Mr. Lawless:

This letter is an acknowledgment of your FOIA Appeal dated and
received in this office on February 22, 2022 regarding all emails
sent, forwarded or responded to by other SEC Personnel or the
Department of Justice by the Inspector General, Carl Hoecker that or
that include the names "Richard Lawless", "Lawless" or "Richard R.
Lawless" between January 1, 2017 and October 22, 2021..

Your appeal has been assigned tracking number **22-00244-APPS**,
and is assigned to the SEC's Office of the General Counsel for
processing. You will receive a direct response from that office
regarding a decision on your Appeal.

In the interim, **if you have questions about your appeal, you
may contact the Office of the General Counsel by calling 202-551-
5100,** or sending an email to foiapa@sec.gov. Please cite the Appeal
tracking number provided above.

Sincerely,

Office of FOIA Services



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549-2465

Office of FOIA Services

February 22, 2022

Mr. Richard Lawless
30279 Redding Avenue
Murrieta, CA 92563

They were never
Released

Re:    Freedom of Information Act (FOIA), 5 U.S.C. § 552
Request No. **22-00001-OIGP**

Dear Mr. Lawless:

This letter is in response to your request, dated November
1, 2021, and received in this office on November 2, 2021, for
access to "all emails sent, forwarded or responded to by other
SEC Personnel or the Department of Justice by the Inspector
General, Carl Hoecker that or that include the names 'Richard
Lawless', 'Lawless' or 'Richard R. Lawless' between **January 1**,
**2017** and **October 22, 2021.**" In response to our e-mail on
November 16, 2021, seeking clarification of your request, you
responded on December 13, 2021, and stated you are seeking all
emails from Carl Hoecker that SEC or DOJ personnel responded to
that included the search terms (Richard Lawless, Lawless, and
Richard R. Lawless) you provided.

The enclosed 47 pages are released with the exception of
staff names, e-mail addresses, and one telephone number.  This
information is withheld under 5 U.S.C. § 552(b)(6) and (7)(C),
for the following reasons.

Under Exemption 6, the release of the information would
constitute a clearly unwarranted invasion of personal privacy.
Under Exemption 7(C), the release of the information could
reasonably be expected to constitute an unwarranted invasion of
personal privacy.  Further, public identification of Commission
staff could conceivably subject them to harassment in the
conduct of their official duties and in their private lives.

We are also withholding information that may be responsive
to your request under 5 U.S.C. § 552(b)(7)(A).  This exemption
protects from disclosure records compiled for law enforcement
purposes, the release of which could reasonably be expected to
interfere with enforcement activities.  Since Exemption 7(A)
protects the records from disclosure, we have not determined if
other exemptions apply.  Therefore, we reserve the right to
assert other exemptions when Exemption 7(A) no longer applies.

Mr. Richard Lawless                                    22-00001-OIGP
February 22, 2022
Page 2

    It is the general policy of the Commission to conduct its
investigations on a non-public basis.  Thus, subject to the
provisions of FOIA, the Commission does not disclose the
existence or non-existence of an investigation or information
gathered unless made a matter of public record in proceedings
brought before the Commission or in the courts.  Accordingly,
the assertion of this exemption should not be construed as an
indication by the Commission or its staff that any violations of
law have occurred with respect to any person, entity, or
security.

     I am the deciding official with regard to this adverse
determination.  You have the right to appeal my decision to the
SEC's General Counsel under 5 U.S.C. § 552(a)(6), 17 CFR §
200.80(f)(1).  The appeal must be received within ninety (90)
calendar days of the date of this adverse decision. Your appeal
must be in writing, clearly marked "Freedom of Information Act
Appeal," and should identify the requested records.  The appeal
may include facts and authorities you consider appropriate.

    You may file your appeal by completing the online Appeal form
located at https://www.sec.gov/forms/request appeal, or mail your
appeal to the Office of FOIA Services of the Securities and
Exchange Commission located at Station Place, 100 F Street NE,
Mail Stop 2465, Washington, D.C. 20549, or deliver it to Room 1120
at that address.

    If you have any questions, please contact Felecia Taylor of
my staff at taylorf@sec.gov or (202) 551-8349.  You may also
contact me at foiapa@sec.gov or (202) 551-7900.  You may also
contact the SEC's FOIA Public Service Center at foiapa@sec.gov
or (202) 551-7900.  For more information about the FOIA Public
Service Center and other options available to you please see the
attached addendum.

                              Sincerely,

                              L Katlig

                              Lizzette Katilius
                              FOIA Branch Chief

Enclosures

# ADDENDUM

For further assistance you can contact a SEC FOIA Public
Liaison by calling (202) 551-7900 or visiting
https://www.sec.gov/oso/help/foia-contact.html.

SEC FOIA Public Liaisons are supervisory staff within the
Office of FOIA Services.  They can assist FOIA requesters with
general questions or concerns about the SEC's FOIA process or
about the processing of their specific request.

In addition, you may also contact the Office of Government
Information Services (OGIS) at the National Archives and Records
Administration to inquire about the FOIA dispute resolution
services it offers.  OGIS can be reached at 1-877-684-6448 or via
e-mail at ogis@nara.gov.  Information concerning services offered
by OGIS can be found at their website at Archives.gov.  Note that
contacting the FOIA Public Liaison or OGIS does not stop the 90-
day appeal clock and is not a substitute for filing an
administrative appeal.



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549-2465

Office of FOIA Services

January 20, 2022

Mr. Richard R. Lawless
30279 Redding Avenue
Murrieta, CA 92563

    RE:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
        Request No. **22-00428-FOIA**

Dear Mr. Lawless:

    This letter is in reference to your request, dated November
1, 2021, and received in this office on November 2, 2021, seeking:

    "[A]ny internal SEC emails that mention the words 'Puerto
    Rico' and 'Bonds' along with <u>any one</u> of the following words;

    'Fraud'
    'Ponzi'                 206,000 Internal Documents
    'Scheme'
    'Fraudulent'
    'Criminal'
    'illegal'

    Between **January 1, 2015** and **October 31, 2021**"

    We will be unable to respond to your request within the
Freedom of Information Act's twenty day statutory time period,
as there are unusual circumstances which impact on our ability
to quickly process your request.  Therefore, we are invoking the
10 day extension.  These unusual circumstances are: (a) the need
to search for and collect records from an organization
geographically separated from this office; (b) the potential
volume of records responsive to your request; and (c) the need
for consultation with one or more other offices having a
substantial interest in either the determination or the subject
matter of the records.  For these reasons, we will process your
case consistent with the order in which we received your
request.

Mr. Richard R. Lawless                                      22-00428-FOIA
January 20, 2022
Page 2


    We have identified approximately 268,000 emails[1] that may be
responsive to your request. Under the FOIA, you are considered an
"Other Use" requester. As such, you are entitled to two (2) hours
of search time and 100 pages of document duplication free of
charge. However, in accordance with the fee provisions of the
FOIA Improvement Act of 2016, all search time will be waived in
this instance since we did not process your request within the 20-
day statutory time period. Therefore, you will not be charged any
search fees for this request. Further, because any responsive
records would be provided to you electronically, there will be no
duplication fees associated with your request.

    Since the records are voluminous, if requested, we would
process them in our Complex track. Under 5 U.S.C. § 552(a)(6)
(D)(i) agencies may provide for multi-track processing of
requests for records based on the amount of work or time (or
both) involved in processing requests. The SEC's regulation
implementing multi-track processing is located at 17 CFR §
200.80(d)(4).

    At present we anticipate that it may take thirty-six
months or more before we can begin to process a request placed
in our Complex track.

    If you are interested in having us place your request in
our Complex track, please write or call me by **February 3, 2022**
and identify the records of interest to you.

    If you have any questions, or if you would like to discuss
ways in which you can narrow the scope of your request to
possibly avoid placement in our Complex track, please contact me
at taylorf@sec.gov or (202) 551-8349. You may also contact me
at foiapa@sec.gov or (202) 551-7900. You may also contact the
SEC's FOIA Public Service Center at foiapa@sec.gov or (202) 551-
7900. For more information about the FOIA Public Service Center
and other options available to you please see the attached
addendum.

                              Sincerely,

                              Felecia Taylor

                              Felecia Taylor
                              FOIA Lead Research Specialist

Enclosure

---

[1] The search results may have yielded several false hits and/or duplicates,
which we cannot determine until we begin our review of the records.

# ADDENDUM

For further assistance you can contact a SEC FOIA Public
Liaison by calling (202) 551-7900 or visiting
https://www.sec.gov/oso/help/foia-contact.html.

SEC FOIA Public Liaisons are supervisory staff within the
Office of FOIA Services.  They can assist FOIA requesters with
general questions or concerns about the SEC's FOIA process or
about the processing of their specific request.

In addition, you may also contact the Office of Government
Information Services (OGIS) at the National Archives and Records
Administration to inquire about the FOIA dispute resolution
services it offers.  OGIS can be reached at 1-877-684-6448 or via
e-mail at ogis@nara.gov.  Information concerning services offered
by OGIS can be found at their website at Archives.gov.  Note that
contacting the FOIA Public Liaison or OGIS does not stop the 90-
day appeal clock and is not a substitute for filing an
administrative appeal.



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
WASHINGTON, DC 20549-2465

Office of FOIA Services

January 20, 2022

Mr. Richard R. Lawless
30279 Redding Avenue
Murrieta, CA 92563

*Intial Denial of
Any Gary Gensler Emails*

> Re:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
>      Request No. **22-00015-FOPA**

Dear Mr. Lawless:

This letter is in response to your request, dated November 1, 2021, and received in this office on November 2, 2021, for "copies of all Gary Gensler emails with responses and forwards regarding discussions about Richard Lawless or that include the names 'Richard lawless', 'Lawless' or 'Richard R. Lawless' between **April 17, 2021 and October 22, 2021**. We are pursuing all discussions within the internal email chain."

Based on the information you provided in your letter, we conducted a thorough search of the SEC's various systems of records, but did not locate or identify any records responsive to your request.

If you still have reason to believe that the SEC maintains the type of records you seek, please provide us with additional information, which could prompt another search. Otherwise, we conclude that no responsive records exist and we consider this request to be closed.

You have the right to appeal the adequacy of our search or finding of no responsive records to the SEC's General Counsel under 5 U.S.C. § 552(a)(6), 17 CFR § 200.80(f)(1).  The appeal must be received within ninety (90) calendar days of the date of this adverse decision.  Your appeal must be in writing, clearly marked "Freedom of Information Act Appeal," and should identify the requested records.  The appeal may include facts and authorities you consider appropriate.

Mr. Richard R. Lawless                                22-00015-FOPA
January 20, 2022
Page 2


        You may file your appeal by completing the online Appeal form
located at https://www.sec.gov/forms/request appeal, or mail your
appeal to the Office of FOIA Services of the Securities and
Exchange Commission located at Station Place, 100 F Street NE,
Mail Stop 2465, Washington, D.C. 20549, or deliver it to Room 1120
at that address.

        If you have any questions, please contact me at
taylorf@sec.gov or (202) 551-8349.  You may also contact me at
foiapa@sec.gov or (202) 551-7900.  You may also contact the
SEC's FOIA Public Service Center at foiapa@sec.gov or (202) 551-
7900.  For more information about the FOIA Public Service Center
and other options available to you please see the attached
addendum.

                                Sincerely,

                                Felecia Taylor

                                Felecia Taylor
                                FOIA Lead Research Specialist


Enclosure

# ADDENDUM

     For further assistance you can contact a SEC FOIA Public
Liaison by calling (202) 551-7900 or visiting
https://www.sec.gov/oso/help/foia-contact.html.

     SEC FOIA Public Liaisons are supervisory staff within the
Office of FOIA Services.  They can assist FOIA requesters with
general questions or concerns about the SEC's FOIA process or
about the processing of their specific request.

     In addition, you may also contact the Office of Government
Information Services (OGIS) at the National Archives and Records
Administration to inquire about the FOIA dispute resolution
services it offers.  OGIS can be reached at 1-877-684-6448 or via
e-mail at ogis@nara.gov.  Information concerning services offered
by OGIS can be found at their website at Archives.gov.  Note that
contacting the FOIA Public Liaison or OGIS does not stop the 90-
day appeal clock and is not a substitute for filing an
administrative appeal.



**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
STATION PLACE
100 F STREET, NE
**WASHINGTON, DC 20549-2465**

Office of FOIA Services

January 20, 2022

Tens of thousands
in SEC Fees

Mr. Richard R. Lawless
30279 Redding Avenue
Murrieta, CA 92563

> RE:  Freedom of Information Act (FOIA), 5 U.S.C. § 552
> Request No. **22-00017-FOPA**

Dear Mr. Lawless:

This letter is in reference to your request, dated November
1, 2021, and received in this office on November 2, 2021, for
"copies of all internal emails regarding Richard Lawless or that
include the names 'Richard Lawless', 'Lawless' or 'Richard R.
Lawless' and any SEC employee, with all forwards and responses
between **August 1, 2016 and November 30ᵗʰ 2016.** We are pursuing
all discussions within the internal email chain."

We will be unable to respond to your request within the
Freedom of Information Act's twenty day statutory time period,
as there are unusual circumstances which impact on our ability
to quickly process your request. Therefore, we are invoking the
10 day extension. These unusual circumstances are: (a) the need
to search for and collect records from an organization
geographically separated from this office; (b) the potential
volume of records responsive to your request; and (c) the need
for consultation with one or more other offices having a
substantial interest in either the determination or the subject
matter of the records. For these reasons, we will process your
case consistent with the order in which we received your
request.

We have identified 3.49 gigabytes (equivalent to
approximately 209,400 pages[1]) of email records that may be
responsive to your request. Under the FOIA, you are considered an
"Other Use" requester. As such, you are entitled to two (2) hours

---

[1] Please note that estimating the page equivalent of electronic data is not a
precise measurement; consequently, the exact number of pages may be more or
less than estimated here. Further, the search results may have yielded
several false hits and/or duplicates, which we cannot determine until we
begin our review of the records.

Mr. Richard R. Lawless                                22-00017-FOPA
January 20, 2022
Page 2


of search time and 100 pages of document duplication free of
charge.  However, in accordance with the fee provisions of the
FOIA Improvement Act of 2016, all search time will be waived in
this instance since we did not process your request within the 20-
day statutory time period.  Therefore, you will not be charged any
search fees for this request.  Further, because any responsive
records would be provided to you electronically, there will be no
duplication fees associated with your request.

     We typically estimate that it will take a staff member one
(1) hour to review approximately 50 pages of emails records.
Therefore, our preliminary estimate at this point to review the
approximately 209,400 pages of email records for responsiveness
and releasability under the FOIA is approximately 4,188 hours.

     Since the records are voluminous, if requested, we would
process them in our Complex track.  Under 5 U.S.C. § 552(a)(6)
(D)(i) agencies may provide for multi-track processing of
requests for records based on the amount of work or time (or
both) involved in processing requests.  The SEC's regulation
implementing multi-track processing is located at 17 CFR §
200.80(d)(4).

     At present we anticipate that it may take thirty-six
months or more before we can begin to process a request placed
in our Complex track.

     If you are interested in having us place your request in
our Complex track, please write or call me by **February 3, 2022**
and identify the records of interest to you.

     If you have any questions, or if you would like to discuss
ways in which you can narrow the scope of your request to
possibly avoid placement in our Complex track, please contact me
at taylorf@sec.gov or (202) 551-8349.  You may also contact me
at foiapa@sec.gov or (202) 551-7900.  You may also contact the

Mr. Richard R. Lawless                                22-00017-FOPA
January 20, 2022
Page 3

SEC's FOIA Public Service Center at foiapa@sec.gov or (202) 551-
7900.   For more information about the FOIA Public Service Center
and other options available to you please see the attached
addendum.

                              Sincerely,

                              Felecia Taylor

                              Felecia Taylor
                              FOIA Lead Research Specialist


Enclosure

## ADDENDUM

For further assistance you can contact a SEC FOIA Public
Liaison by calling (202) 551-7900 or visiting
https://www.sec.gov/oso/help/foia-contact.html.

SEC FOIA Public Liaisons are supervisory staff within the
Office of FOIA Services.  They can assist FOIA requesters with
general questions or concerns about the SEC's FOIA process or
about the processing of their specific request.

In addition, you may also contact the Office of Government
Information Services (OGIS) at the National Archives and Records
Administration to inquire about the FOIA dispute resolution
services it offers.  OGIS can be reached at 1-877-684-6448 or via
e-mail at ogis@nara.gov.  Information concerning services offered
by OGIS can be found at their website at Archives.gov.  Note that
contacting the FOIA Public Liaison or OGIS does not stop the 90-
day appeal clock and is not a substitute for filing an
administrative appeal.

 **Gmail**                                    **Richard Lawless <richardrlawless@gmail.com>**

# Re: SEC FOIA Appeal Decision - FOIA Appeal No. 22-00110-APPS

1 message

**Richard Lawless** <richardrlawless@gmail.com>            Wed, Dec 22, 2021 at 9:19 AM
To: "Tallarico, Mark" <tallaricom@sec.gov>

Thank you for your response.

On Wed, Dec 22, 2021 at 6:46 AM Tallarico, Mark <tallaricom@sec.gov> wrote:

Mr. Lawless,

*E-Mail Related to SEC Fees AND
Denial of Journalist Claims
SEC TOID COORT This NEVER Happened.*

Thank you for your email. To be clear, our FOIA appeal decision only relates to the fee category that the FOIA Office classified you as (i.e., Other Use requester), not a denial of fee waiver since you did not request one in connection with Request Nos. 22-00001-OIGP, 22-00015-FOPA, 22-00016-FOPA, 22-00017-FOPA, and 22-00428-FOPA. As stated in our appeal decision, to be considered a "news media" requester, you must demonstrate that you intend to: (1) gather information of potential interest; (2) to a segment of the public; (3) use your editorial skills to turn the raw materials into a distinct work; and (4) distribute that work (5) to an audience. You have not demonstrated that you intend to use your editorial skills to turn the raw materials into a distinct work and to distribute that work to a public audience. Neither your requests nor your email below states that you intend to use the requested materials for journalistic purposes, while your motion for summary judgment reflects that you intend to use the records for discovery in furtherance of your FTCA case. Use of agency records for private litigation does not meet the requirements for a "news media" requester.

Regards,

**Mark Tallarico**

Senior Counsel

Office of the General Counsel

U.S. Securities and Exchange Commission

100 F Street, NE

Washington, DC 20549

tallaricom@sec.gov

**From:** Richard Lawless <richardrlawless@gmail.com>
**Sent:** Wednesday, December 22, 2021 8:35 AM
**To:** Tallarico, Mark <tallaricom@SEC.GOV>
**Subject:** Re: SEC FOIA Appeal Decision - FOIA Appeal No. 22-00110-APPS

---

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless
you recognize the sender and know the content is safe.

---

Hi Mark,

Thank you for the response. Let's make this simple.  I agree to pay the fees.

We have a pending Federal FOIA lawsuit and I will add these FOIA requests to my
complaint. If the fees are reversed by the court at a later date, so be it. My
argument is simple, the SEC requested I submit smaller, more defined requests (a
subset of FOIA request #59) where no fees would have been accessed. I did so. I
submitted the parameters of the smaller "subsets" of request #59 at the SEC's urging.
The SEC processed any paperwork relating to those subsets on their own. How a
subset of a 35,000 page FOIA request with no fees turns into five much smaller
requests with fees, is only a procedural game being played by the SEC. Requester
made it clear if the smaller requests were fulfilled, request #59 would be withdrawn
along with the Federal lawsuit.

I also want to make it clear that I am claiming that I am a Journalist and that the
requests relate to the largest municipal bankruptcy in American history and that there
is great public interest in understanding the SEC's role in that bankruptcy and bond
default. A copy of this email will be sent to the Judge so he can access the efforts of
the SEC to delay and deny a request that clearly qualifies for continued fee waivers.

Richard Lawless's Profile | Freelance Journalist | Muck Rack (Link to fifty news
articles)

# Richard Lawless

* Author and Contributor, Freelance

Murrieta

Business and Finance

**As seen in:** The Hill, Observer, Patch, The Daily Caller, American Thinker, American Enterprise
Institute, CounterPunch, Caribbean News Now, Highland Community News

**Covers:** Government Corruption, Wall Street

**Doesn't Cover:** Local Issues

## Biden's influence-peddling is consistent with what I wrote in my book, 'Capitol Hills Criminal Underground'

ABOUT A YEAR AGO |

By Richard Lawless

| American Thinker

More than three years ago, MedLaw Publishing released my book, "Capitol Hills Criminal Underground" in
which I, the book's author, describe a long-running "protection racket" being run by then-Vice President Joe
Biden, as well as Attorney General Eric Holder and New York Senator, Chuck Schumer. The three amigos
effectively arranged to have all Wall Street criminal cases directed to the lefty-friendly Southern District of New
York, and for the right "payments" the cases would be closed.

## TTickets for Summer of Love Event

Open in Who Shared Wrong byline?

ABOUT A YEAR AGO |

By Richard Lawless

| Patch

Tickets for Seattle's Sumer of Love. Shipped with USPS First Class Package. Don't miss out on this event.

## Banks pressured to repeat causes of 2008 financial crises

2 YEARS AGO |

Open in Who Shared Wrong byline?

By Richard Lawless

| American Thinker

As the media begins to roil with reports of bank delays in the distribution of business recovery loans from the government plan to save business from the effects of quarantine and closure, it is important to ask if there is more to the story than the mere miserly attitude of the run-of-the-mill bank.

## "Small Claims Court" Lawsuits Could Cost Billions

Open in Who Shared Wrong byline?

2 YEARS AGO |

By Richard Lawless

| Patch

This post was contributed by a community member. The views expressed here are the author's own.

## Fox News Buries Major Story To Protect
Open in Who Shared Wrong byline? **Contributor/Host**

2 YEARS AGO |

By Richard Lawless

| Patch

This post was contributed by a community member. The views expressed here are the author's own.

## Duncan Hunter Implicated in Multi-Billion Dollar
Open in Who Shared Wrong byline? **Securities Fraud**

2 YEARS AGO |

By Richard Lawless

| Patch

This post was contributed by a community member. The views expressed here are the author's own. Neighbor News Politicians appear willing to do anything to get their piece of the action By Richard Lawless, Neighbor Dec 2, 2019 3:20 pm PT Hunter Duncan D, Member Portrait (Franmarie Metzler) This is an excerpt from the Book, "Capitol Hills Criminal Underground".

## I Have Watched the Impeachment Hearings at Great
Open in Who Shared Wrong byline? **Personal Risk**

By Richard Lawless

| Patch

This post was contributed by a community member. The views expressed here are the author's own.

## United States Senators Request and Receive a Date for "Show Cause
Open in Who Shared Wrong byline?

2 YEARS AGO |

By Richard Lawless

| Patch

This will make history as themost widely participated in, government sponsored, criminal organization in Americanhistory. The evidence is overwhelmingand will be presented in an open hearing on November 15th. Arrive early because the court room can onlysupport about one hundred people. Evidence TrailRichard Lawless (plaintiff)is the CEO of Commercial Solar Power, Inc. (CSP).

## FFitch Ratings Files its First Three Motions in Murrieta Court
Open in Who Shared Wrong byline?

2 YEARS AGO |

By Richard Lawless

| Patch

This post was contributed by a community member. The views expressed here are the author's own.

## DOJ to Puerto Rico investors: 'Eat cake'
Open in Who Shared Wrong byline?

2 YEARS AGO |

By Richard Lawless

| The Hill

Just before the French Revolution it is said that Marie Antoinette told her starving people to "eat cake." This parable was a reflection of how corrupt and out of touch the leadership in France was. Shortly after, the government was overthrown and the leaders were beheaded. Today any such response would be out of the question. But it begs the question, why is the Obama administration blocking its political operatives in the DOJ from prosecuting those responsible.

## Commentary: I finally understand how organized crime works

3 YEARS AGO |

Open in Who Shared Wrong byline?

By Richard Lawless

| Caribbean News Now

Richard Lawless is a former senior banker who has specialized in evaluating and granting debt for over 25 years. He has a Master's Degree in Finance from the University of San Diego and Bachelor's Degree from Pepperdine University. He actively writes for many finance publicationsBy Richard LawlessImagine, if you will, that a number of technically bankrupt companies were able to issue $70 billion dollars in bonds. Imagine that these companies were able to buy BBB+ ratings for these bonds.

## Commentary: What I learned about corruption on
Open in Who Shared Wrong byline?**Capitol Hill from US intelligence officers**

3 YEARS AGO |

By Richard Lawless

| Caribbean News Now

Richard Lawless is a former senior banker who has specialized in evaluating and granting debt for over 25 years. He has a Master's Degree in Finance from the University of San Diego and Bachelor's Degree from Pepperdine University. He actively writes for many finance publications By Richard LawlessIn 2015, I began an investigation into the Puerto Rico municipal bond default. This $70 billion default was the largest in US history.

## Shootdown over the Sea of Japan
Open in Who Shared Wrong byline?

3 YEARS AGO |

By Richard Lawless, Nicholas Eberstadt

| American Enterprise Institute

I have convinced my friend and colleague Richard Lawless to contribute this essay to AEIdeas to commemorate the 50th anniversary this week of the North Korean shootdown of an unarmed US recon aircraft, an attack that killed 31 US crewmen. Nixon and Kissinger chose to do nothing — a fateful inaction that in my honest opinion helped to set on course the events we now have to contend with in the never ending North Korea crisis. Mr. Lawless is one of the greats — a longtime USG Korea hand.

## Capitol Hill's Criminal Underground: The Most Thorough
Open in Who Shared Wrong byline?**Exploration of Government Corruption Ever Put in Writing**

3 YEARS AGO |

By Richard Lawless

Capitol Hill's Criminal Underground focuses on real events—unmasking those who thrive in the dark corners of the Department of Justice and their "political overseers," who use their power and influence to usurp our legal protections. Perhaps one of the most thorough explorations of government corruption ever put in writing, this nonfiction account investigates the theft of trillions of U.S. dollars—money laundered in countries that are hostile to the United States.

## Commentary: The Puerto Rico Fiscal Control Board is now threatening victims of Puerto Rico's financial fraud
Open in Who Shared Wrong byline?

4 YEARS AGO |

By Richard Lawless

| Caribbean News Now

Richard Lawless is a former senior banker who has specialized in evaluating and granting debt for over 25 years. He has a Master's Degree in Finance from the University of San Diego and Bachelor's Degree from Pepperdine University. He actively writes for many finance publications By Richard LawlessMr Reynaldo Rodriguez and Mr Daniel Ros are both principals in Blue Beetle III, LLC.

## Commentary: In the face of overwhelming evidence, the FBI was somehow able to clear itself!
Open in Who Shared Wrong byline?

4 YEARS AGO |

By Richard Lawless

| Caribbean News Now

Richard Lawless is a former senior banker who has specialized in evaluating and granting debt for over 25 years. He has a Master's Degree in Finance from the University of San Diego and Bachelor's Degree from Pepperdine University.

## Puerto Rico Fiscal Board Takes Extraordinary Steps to Preserve Legacy of Corruption and Theft
Open in Who Shared Wrong byline?

5 YEARS AGO |

By Richard Lawless

| CounterPunch

It is no secret to anyone that the Puerto Rico Fiscal Board was intentionally comprised of individuals that contributed much to Puerto Rico's financial collapse. With an alleged unspoken agreement that the Department of Justice will neither investigate or prosecute those responsible, the Board can act with impunity to preserve the status quo.

# Are Credit Rating Agencies America's Secret Fifth Column?

Open in Who Shared Wrong byline?

5 YEARS AGO |

By Rob Seimetz, Richard Lawless

| CounterPunch

A "Fifth Column" is a group within a country at war who are sympathetic to or working for its enemies. Even a full-blown war with North Korea or Russia could not inflict the damage done to this Country by Moody's, Fitch and S&P. The rating agencies have declared war on the United States and the damage they are inflicting will eventually destroy this Country from within. In 2008, the Country was brought to its knees with the eight trillion-dollar mortgage bond crisis.

# Commentary: The real reason New York US Attorney

Open in Who Shared Wrong byline? **Preet Bharara was asked to resign**

5 YEARS AGO |

By Richard Lawless

| thecaribbeanradio.com

Before the inauguration, Donald Trump and Preet Bharara met and an agreement was struck that would keep US Attorney Bharara in his current position in New York under a new Trump administration. New York Senator Charles Schumer was instrumental in getting Bharara appointed to that position and in return was asked from time to time to do favors for the senator and his allies. Up until recently, President Trump had no idea what was really going on.

# Wall Street Demanded the Nuclear Option and the

Open in Who Shared Wrong byline? **Congress Delivered**

5 YEARS AGO |

By Matt Peppe, Richard Lawless

| CounterPunch

No, this is not a story about putting a Justice on the Supreme Court, it is however just as important. For over a decade there has been an unofficial and underreported agreement between Wall Street Executives, our Congress and the Department of Justice. The agreement is simple, Wall Street will do what it pleases and continue to share its wealth with our Politicians and in return our Politicians will make sure the Department of Justice never prosecutes the Wall Street Executives. Per William D.

# How To Steal $70 Billion And Get Away With It Via

Open in Who Shared Wrong byline? **@dailycaller**

5 YEARS AGO |

By Richard Lawless

| The Daily Caller

I will start out with an analogy that will illustrate exactly what took place in a way that everyone can understand. John Doe had a $70 billion-dollar home mortgage. John was having trouble making the payments and was running short on money for home repairs. John knew that he couldn't qualify for a larger mortgage based on his real income or the home's value. But that didn't stop John.

# The Wall Street Fraud That Can Change The Outcome Of
Open in Who Shared Wrong byline? **The Election Via @dailycaller**

5 YEARS AGO |

By Richard Lawless

| The Daily Caller

Wall Street issues $70 billion dollars in fraudulent bonds. The rating agencies issued unjustified credit ratings for these bonds and the banks knowingly sold these faulty bonds to the American people in all 50 states. The bonds defaulted and American's lost tens of billions. What American's don't know is that both the Congress and the Senate were fully aware of all this fraud.

# Confessions Of A Wall Street Whistleblower Via
Open in Who Shared Wrong byline? **@dailycaller**

5 YEARS AGO |

By Richard Lawless

| The Daily Caller

In 2015 the Puerto Rico government experienced a complete financial collapse. During this period, Puerto Rico defaulted on $69 billion dollars in municipal bonds. Most of the original bond holders sold their positions and they lost a total of $36 billion dollars. As someone who was involved in this, I thought I would take a look and try to figure out how this all happened. I started by reading the bond offering memorandums for the $69 billion dollars in municipal bonds.

# Morale At The DOJ Hits Rock Bottom Via @dailycaller
Open in Who Shared Wrong byline?

5 YEARS AGO |

By Richard Lawless

| The Daily Caller

Over one year ago I filed a report with the FBI and U.S. Attorney's office regarding the on-going theft of tens of billions of dollars in the municipal bond market. After a full year has passed, no action has been taken and the criminal activity continues. Over this time period I have had the honor of talking with dozens of FBI field agents and they have made it clear that they have no confidence in their leadership.

## Investigation Soon To Disclose Causes Of Puerto Rico's Financial Collapse — And It Wasn't The Economy Via @dailycaller

Open in Who Shared Wrong byline?

5 YEARS AGO |

By Richard Lawless

| The Daily Caller

On September 27th at the Waldorf Astoria Hotel in New York, Commercial Solar Power, one of the many victims of the Puerto Rico financial collapse, will host a press conference detailing the findings. Sources close to the investigations suggest that there was massive and repeated government theft of public funds, going on for over a decade. The theft of public money along with widespread Wall Street fraud associated with the islands bond issues, resulted in $39,000,000,000 in bondholder losses.

## What Does It Cost To Buy A Paul Ryan Vote?

Open in Who Shared Wrong byline?

5 YEARS AGO |

By Richard Lawless

| The Daily Caller

Over the last decade he Government of Puerto Rico took on increasing amounts of municipal bond debt. Debt that could not be supported by the island's shrinking economy. By 2015, government officials in Puerto Rico were reaching out to our Congress for a solution. Many Democrats supported a taxpayer bailout or a wholesale bond default that would give Puerto Rico an opportunity to restructure its finances.

## Possible DOJ Involvement in Puerto Rico's Financial Meltdown

Open in Who Shared Wrong byline?

5 YEARS AGO |

By Richard Lawless

| Observer

SAN JUAN/TEMECULA—The ongoing controversy over Puerto Rico's insolvency and efforts to enlist congressional support for legal bankruptcy protection for the U.S. territory have resulted in fingers being pointed at the local Federal Bureau of Investigation (FBI). Puerto Rico U.S. Attorney's office is also under fire for an alleged failure to investigate and prevent a reportedly massive fraud that may have contributed to the island's financial crisis.

# Credit Rating Agencies are Laughing at Americans

Open in Who Shared Wrong byline?6 YEARS AGO |

By Richard Lawless

| Observer

Senior Citizens and Savers throughout the fifty states and Puerto Rico have taken tens of billions in municipal bond losses. It has become clear that the Rating Agencies have been knowingly and intentionally issuing good credit ratings for technically bankrupt municipal entities in exchange for healthy fees. The Puerto Rico financial collapse was one of the first events to shine on a light on this widespread activity.

## Credit Rating Agencies are Laughing at the American
Open in Who Shared Wrong byline?**People Confident Congress Will Protect Their Criminal Activity - Highland Community News: Opinion**

6 YEARS AGO |

By Richard Lawless

| Highland Community News

The Puerto Rico financial collapse was one of the first events to shine on a light on this widespread activity. The Puerto Rico Government issued a 23-page report that included sworn testimony from municipal executives that the Rating Agencies knew they couldn't repay the debt but for a higher fee, they would issue good credit ratings. To date, the fraudulent credit ratings have already generated $30 billion dollars in losses across the fifty states.

Open in Who Shared Wrong byline?

Sincerely,

Richard R. Lawless

30279 Redding Avenue

Murrieta, CA 92563

951-440-5230

richardrlawless@gmail.com

On Wed, Dec 22, 2021 at 4:34 AM Tallarico, Mark <tallaricom@sec.gov> wrote:

Mr. Lawless,

Attached please find the SEC's appeal decision for FOIA Appeal No. 22-00110-
APPS (FOIA Request Nos. 22-00001-OIGP, 22-00015-FOPA, 22-00016-FOPA, 22-
00017-FOPA & 22-00428-FOIA). Please let me know if you have any questions
concerning this decision.

Thank you.

Mark Tallarico

Senior Counsel

Office of the General Counsel

U.S. Securities and Exchange Commission

100 F Street, NE

Washington, DC 20549

202.551.5132

tallaricom@sec.gov



**Richard Lawless <richardrlawless@gmail.com>**

# Re: Response to FOIA E-Mail
1 message

**Tallarico, Mark** <tallaricom@sec.gov>                    Wed, Dec 22, 2021 at 12:33 PM
To: Richard Lawless <richardrlawless@gmail.com>

Mr. Lawless,

We will let the FOIA Office aware of your agreement to pay any processing fees.

Thank you.

Sent from my iPhone

> On Dec 22, 2021, at 12:31 PM, Richard Lawless
> <richardrlawless@gmail.com> wrote:

CAUTION: This email originated from outside of the organization. Do not click links or open attachments
unless you recognize the sender and know the content is safe.

Mark this nonsense is over.  I said I would pay for the FOIA requests.

We will let the Judge hear all this and he can decide for himself.

---------- Forwarded message ---------
From: **Richard Lawless** <richardrlawless@gmail.com>
Date: Wed, Dec 22, 2021 at 9:19 AM
Subject: Re: SEC FOIA Appeal Decision - FOIA Appeal No. 22-00110-APPS
To: Tallarico, Mark <tallaricom@sec.gov>

Thank you for your response.

On Wed, Dec 22, 2021 at 6:46 AM Tallarico, Mark <tallaricom@sec.gov>
wrote:

    Mr. Lawless,

Thank you for your email. To be clear, our FOIA appeal decision only relates to the fee category that the FOIA Office classified you as (i.e., Other Use requester), not a denial of fee waiver since you did not request one in connection with Request Nos. 22-00001-OIGP, 22-00015-FOPA, 22-00016-FOPA, 22-00017-FOPA, and 22-00428-FOPA. As stated in our appeal decision, to be considered a "news media" requester, you must demonstrate that you intend to: (1) gather information of potential interest; (2) to a segment of the public; (3) use your editorial skills to turn the raw materials into a distinct work; and (4) distribute that work (5) to an audience. You have not demonstrated that you intend to use your editorial skills to turn the raw materials into a distinct work and to distribute that work to a public audience. Neither your requests nor your email below states that you intend to use the requested materials for journalistic purposes, while your motion for summary judgment reflects that you intend to use the records for discovery in furtherance of your FTCA case. Use of agency records for private litigation does not meet the requirements for a "news media" requester.

Regards,


Mark Tallarico

Senior Counsel

Office of the General Counsel

U.S. Securities and Exchange Commission

100 F Street, NE

Washington, DC 20549

202.551.5132

tallaricom@sec.gov


**From:** Richard Lawless <richardrlawless@gmail.com>
**Sent:** Wednesday, December 22, 2021 8:35 AM
**To:** Tallarico, Mark <tallaricom@SEC.GOV>
**Subject:** Re: SEC FOIA Appeal Decision - FOIA Appeal No. 22-00110-APPS


**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Hi Mark,

Thank you for the response. Let's make this simple. <u>I agree to pay the fees</u>.

We have a pending Federal FOIA lawsuit and I will add these FOIA requests
to my complaint. If the fees are reversed by the court at a later date, so be
it. My argument is simple, the SEC requested I submit smaller, more
defined requests (a subset of FOIA request #59) <u>where no fees would have
been accessed</u>. I did so. I submitted the parameters of the smaller
"subsets" of request #59 at the SEC's urging. The SEC processed any
paperwork relating to those subsets <u>on their own</u>. How a subset of a 35,000
page FOIA request with no fees turns into five much smaller requests with
fees, is only a procedural game being played by the SEC. Requester made
it clear if the smaller requests were fulfilled, request #59 would be withdrawn
along with the Federal lawsuit.

I also want to make it clear that <u>I am claiming that I am a Journalist</u> and that
the requests relate to the largest municipal bankruptcy in American history
and that there is <u>great public interest</u> in understanding the SEC's role in that
bankruptcy and bond default. A copy of this email will be sent to the Judge
so he can access the efforts of the SEC to delay and deny a request that
clearly qualifies for continued fee waivers.

Richard Lawless's Profile | Freelance Journalist | Muck Rack (Link to fifty
news articles)

# Richard Lawless

- Author and Contributor, Freelance

Murrieta

Business and Finance

**As seen in:** The Hill, Observer, Patch, The Daily Caller, American Thinker, American Enterprise
Institute, CounterPunch, Caribbean News Now, Highland Community News

**Covers:** Government Corruption, Wall Street

**Doesn't Cover:** Local Issues

## Biden's influence-peddling is consistent with what I wrote in my book, 'Capitol Hills Criminal Underground'

ABOUT A YEAR AGO |

By Richard Lawless

| American Thinker

More than three years ago, MedLaw Publishing released my book, "Capitol Hills Criminal Underground" in which I, the book's author, describe a long-running "protection racket" being run by then-Vice President Joe Biden, as well as Attorney General Eric Holder and New York Senator, Chuck Schumer. The three amigos effectively arranged to have all Wall Street criminal cases directed to the lefty-friendly Southern District of New York, and for the right "payments" the cases would be closed.

## TTickets for Summer of Love Event

Open in Who Shared Wrong byline?

ABOUT A YEAR AGO |

By Richard Lawless

| Patch

Tickets for Seattle's Sumer of Love. Shipped with USPS First Class Package. Don't miss out on this event.

## Banks pressured to repeat causes of 2008

Open in Who Shared Wrong byline?**financial crises**

2 YEARS AGO |

By Richard Lawless

| American Thinker

As the media begins to roil with reports of bank delays in the distribution of business recovery loans from the government plan to save business from the effects of quarantine and closure, it is important to ask if there is more to the story than the mere miserly attitude of the run-of-the-mill bank.

## "Small Claims Court" Lawsuits Could Cost Billions



2 YEARS AGO |

Open in Who Shared Wrong byline?

By Richard Lawless

| Patch

This post was contributed by a community member. The views expressed here are the author's own.

## Fox News Buries Major Story To Protect
Open in Who Shared Wrong byline?**Contributor/Host**

2 YEARS AGO |

By Richard Lawless

| Patch

This post was contributed by a community member. The views expressed here are the author's own.

## Duncan Hunter Implicated in Multi-Billion
Open in Who Shared Wrong byline?**Dollar Securities Fraud**

2 YEARS AGO |

By Richard Lawless

| Patch

This post was contributed by a community member. The views expressed here are the author's own. Neighbor News Politicians appear willing to do anything to get their piece of the action By Richard Lawless, Neighbor Dec 2, 2019 3:20 pm PT Hunter Duncan D, Member Portrait (Franmarie Metzler) This is an excerpt from the Book, "Capitol Hills Criminal Underground".

## I Have Watched the Impeachment Hearings at
Open in Who Shared Wrong byline?**Great Personal Risk**

2 YEARS AGO |

By Richard Lawless

| Patch

This post was contributed by a community member. The views expressed here are the author's own.

## United States Senators Request and Receive a Date for "Show Cause

Open in Who Shared Wrong byline?

By Richard Lawless

| Patch

This will make history as themost widely participated in, government sponsored, criminal organization in Americanhistory. The evidence is overwhelmingand will be presented in an open hearing on November 15th. Arrive early because the court room can onlysupport about one hundred people.  Evidence TrailRichard Lawless (plaintiff)is the CEO of Commercial Solar Power, Inc. (CSP).

## FFitch Ratings Files its First Three Motions in
Open in Who Shared Wrong byline?**Murrieta Court**

2 YEARS AGO |

By Richard Lawless

| Patch

This post was contributed by a community member. The views expressed here are the author's own.

## DOJ to Puerto Rico investors: 'Eat cake'
Open in Who Shared Wrong byline?

2 YEARS AGO |

By Richard Lawless

| The Hill

Just before the French Revolution it is said that Marie Antoinette told her starving people to "eat cake."  This parable was a reflection of how corrupt and out of touch the leadership in France was. Shortly after, the government was overthrown and the leaders were beheaded. Today any such response would be out of the question. But it begs the question, why is the Obama administration blocking its political operatives in the DOJ from prosecuting those responsible.

## Commentary: I finally understand how
Open in Who Shared Wrong byline?**organized crime works**

3 YEARS AGO |

By Richard Lawless

| Caribbean News Now

Richard Lawless is a former senior banker who has specialized in evaluating and granting debt for over 25 years. He has a Master's Degree in Finance from the University of San Diego and Bachelor's Degree from Pepperdine University. He actively writes for many finance publicationsBy Richard LawlessImagine, if you will, that a number of technically bankrupt companies were able to issue $70 billion dollars in bonds. Imagine that these companies were able to buy BBB+ ratings for these bonds.

## Commentary: What I learned about corruption
Open in Who Shared Wrong byline?**on Capitol Hill from US intelligence officers**

3 YEARS AGO |

By Richard Lawless

| Caribbean News Now

Richard Lawless is a former senior banker who has specialized in evaluating and granting debt for over 25 years. He has a Master's Degree in Finance from the University of San Diego and Bachelor's Degree from Pepperdine University. He actively writes for many finance publications By Richard LawlessIn 2015, I began an investigation into the Puerto Rico municipal bond default. This $70 billion default was the largest in US history.

## Shootdown over the Sea of Japan
Open in Who Shared Wrong byline?

3 YEARS AGO |

By Richard Lawless, Nicholas Eberstadt

| American Enterprise Institute

I have convinced my friend and colleague Richard Lawless to contribute this essay to AEIdeas to commemorate the 50th anniversary this week of the North Korean shootdown of an unarmed US recon aircraft, an attack that killed 31 US crewmen. Nixon and Kissinger chose to do nothing — a fateful inaction that in my honest opinion helped to set on course the events we now have to contend with in the never ending North Korea crisis. Mr. Lawless is one of the greats — a longtime USG Korea hand.

## Capitol Hill's Criminal Underground: The Most
Open in Who Shared Wrong byline?**Thorough Exploration of Government Corruption Ever Put in Writing**

3 YEARS AGO |

By Richard Lawless

| http://barnesandnoble.com

Capitol Hill's Criminal Underground focuses on real events—unmasking those who thrive in the dark corners of the Department of Justice and their "political overseers," who use their power and influence to usurp our legal protections. Perhaps one of the most thorough explorations of government corruption ever put in writing, this nonfiction account investigates the theft of trillions of U.S. dollars—money laundered in countries that are hostile to the United States.

## Commentary: The Puerto Rico Fiscal Control
Open in Who Shared Wrong byline?**Board is now threatening victims of Puerto Rico's financial fraud**

4 YEARS AGO |

By Richard Lawless

| Caribbean News Now

Richard Lawless is a former senior banker who has specialized in evaluating and granting debt for over 25 years. He has a Master's Degree in Finance from the University of San Diego and Bachelor's Degree from Pepperdine University. He actively writes for many finance publications By Richard LawlessMr Reynaldo Rodriguez and Mr Daniel Ros are both principals in Blue Beetle III, LLC.

## Commentary: In the face of overwhelming
Open in Who Shared Wrong byline?**evidence, the FBI was somehow able to clear itself!**

4 YEARS AGO |

By Richard Lawless

| Caribbean News Now

Richard Lawless is a former senior banker who has specialized in evaluating and granting debt for over 25 years. He has a Master's Degree in Finance from the University of San Diego and Bachelor's Degree from Pepperdine University.

## Puerto Rico Fiscal Board Takes Extraordinary
Open in Who Shared Wrong byline?**Steps to Preserve Legacy of Corruption and Theft**

5 YEARS AGO |

By Richard Lawless

| CounterPunch

It is no secret to anyone that the Puerto Rico Fiscal Board was intentionally comprised of individuals that contributed much to Puerto Rico's financial collapse. With an alleged unspoken

agreement that the Department of Justice will neither investigate or prosecute those responsible, the Board can act with impunity to preserve the status quo.

## Are Credit Rating Agencies America's Secret Fifth Column?

Open in Who Shared Wrong byline?

5 YEARS AGO |

By Rob Seimetz, Richard Lawless

| CounterPunch

A "Fifth Column" is a group within a country at war who are sympathetic to or working for its enemies. Even a full-blown war with North Korea or Russia could not inflict the damage done to this Country by Moody's, Fitch and S&P. The rating agencies have declared war on the United States and the damage they are inflicting will eventually destroy this Country from within. In 2008, the Country was brought to its knees with the eight trillion-dollar mortgage bond crisis.

## Commentary: The real reason New York US Attorney Preet Bharara was asked to resign

Open in Who Shared Wrong byline?

5 YEARS AGO |

By Richard Lawless

| http://thecaribbeanradio.com

Before the inauguration, Donald Trump and Preet Bharara met and an agreement was struck that would keep US Attorney Bharara in his current position in New York under a new Trump administration. New York Senator Charles Schumer was instrumental in getting Bharara appointed to that position and in return was asked from time to time to do favors for the senator and his allies. Up until recently, President Trump had no idea what was really going on.

## Wall Street Demanded the Nuclear Option and the Congress Delivered

Open in Who Shared Wrong byline?

5 YEARS AGO |

By Matt Peppe, Richard Lawless

| CounterPunch

No, this is not a story about putting a Justice on the Supreme Court, it is however just as important. For over a decade there has been an unofficial and underreported agreement between Wall Street Executives, our Congress and the Department of Justice. The agreement is simple, Wall Street will do what it pleases and continue to share its wealth with our Politicians and in return our Politicians will make sure the Department of Justice never prosecutes the Wall Street Executives. Per William D.

# How To Steal $70 Billion And Get Away With It Via @dailycaller

Open in Who Shared Wrong byline?

5 YEARS AGO |

By Richard Lawless

| The Daily Caller

I will start out with an analogy that will illustrate exactly what took place in a way that everyone can understand. John Doe had a $70 billion-dollar home mortgage. John was having trouble making the payments and was running short on money for home repairs. John knew that he couldn't qualify for a larger mortgage based on his real income or the home's value. But that didn't stop John.

# The Wall Street Fraud That Can Change The
Open in Who Shared Wrong byline?**Outcome Of The Election Via @dailycaller**

5 YEARS AGO |

By Richard Lawless

| The Daily Caller

Wall Street issues $70 billion dollars in fraudulent bonds. The rating agencies issued unjustified credit ratings for these bonds and the banks knowingly sold these faulty bonds to the American people in all 50 states. The bonds defaulted and American's lost tens of billions. What American's don't know is that both the Congress and the Senate were fully aware of all this fraud.

# Confessions Of A Wall Street Whistleblower
Open in Who Shared Wrong byline?**Via @dailycaller**

5 YEARS AGO |

By Richard Lawless

| The Daily Caller

In 2015 the Puerto Rico government experienced a complete financial collapse. During this period, Puerto Rico defaulted on $69 billion dollars in municipal bonds. Most of the original bond holders sold their positions and they lost a total of $36 billion dollars. As someone who was involved in this, I thought I would take a look and try to figure out how this all happened. I started by reading the bond offering memorandums for the $69 billion dollars in municipal bonds.

# Morale At The DOJ Hits Rock Bottom Via
Open in Who Shared Wrong byline?**@dailycaller**

5 YEARS AGO |

By Richard Lawless

| The Daily Caller

Over one year ago I filed a report with the FBI and U.S. Attorney's office regarding the on-going theft of tens of billions of dollars in the municipal bond market. After a full year has passed, no action has been taken and the criminal activity continues. Over this time period I have had the honor of talking with dozens of FBI field agents and they have made it clear that they have no confidence in their leadership.

## Investigation Soon To Disclose Causes Of
Open in Who Shared Wrong byline?**Puerto Rico's Financial Collapse — And It Wasn't The Economy Via @dailycaller**

5 YEARS AGO |

By Richard Lawless

| The Daily Caller

On September 27th at the Waldorf Astoria Hotel in New York, Commercial Solar Power, one of the many victims of the Puerto Rico financial collapse, will host a press conference detailing the findings. Sources close to the investigations suggest that there was massive and repeated government theft of public funds, going on for over a decade. The theft of public money along with widespread Wall Street fraud associated with the islands bond issues, resulted in $39,000,000,000 in bondholder losses.

## What Does It Cost To Buy A Paul Ryan Vote?
Open in Who Shared Wrong byline?

5 YEARS AGO |

By Richard Lawless

| The Daily Caller

Over the last decade he Government of Puerto Rico took on increasing amounts of municipal bond debt. Debt that could not be supported by the island's shrinking economy. By 2015, government officials in Puerto Rico were reaching out to our Congress for a solution. Many Democrats supported a taxpayer bailout or a wholesale bond default that would give Puerto Rico an opportunity to restructure its finances.

## Possible DOJ Involvement in Puerto Rico's
Open in Who Shared Wrong byline?**Financial Meltdown**

5 YEARS AGO |

By Richard Lawless

SAN JUAN/TEMECULA—The ongoing controversy over Puerto Rico's insolvency and efforts to enlist congressional support for legal bankruptcy protection for the U.S. territory have resulted in fingers being pointed at the local Federal Bureau of Investigation (FBI). Puerto Rico U.S. Attorney's office is also under fire for an alleged failure to investigate and prevent a reportedly massive fraud that may have contributed to the island's financial crisis.

## Credit Rating Agencies are Laughing at
Open in Who Shared Wrong byline? **Americans**

6 YEARS AGO |

By Richard Lawless

| Observer

Senior Citizens and Savers throughout the fifty states and Puerto Rico have taken tens of billions in municipal bond losses. It has become clear that the Rating Agencies have been knowingly and intentionally issuing good credit ratings for technically bankrupt municipal entities in exchange for healthy fees. The Puerto Rico financial collapse was one of the first events to shine on a light on this widespread activity.

## Credit Rating Agencies are Laughing at the
Open in Who Shared Wrong byline? **American People Confident Congress Will Protect Their Criminal Activity - Highland**
## Community News: Opinion

6 YEARS AGO |

By Richard Lawless

| Highland Community News

The Puerto Rico financial collapse was one of the first events to shine on a light on this widespread activity. The Puerto Rico Government issued a 23-page report that included sworn testimony from municipal executives that the Rating Agencies knew they couldn't repay the debt but for a higher fee, they would issue good credit ratings. To date, the fraudulent credit ratings have already generated $30 billion dollars in losses across the fifty states.

Open in Who Shared Wrong byline?

Sincerely,


Richard R. Lawless

30279 Redding Avenue

Murrieta, CA 92563

951-440-5230

richardrlawless@gmail.com


On Wed, Dec 22, 2021 at 4:34 AM Tallarico, Mark <tallaricom@sec.gov>
wrote:

Mr. Lawless,


Attached please find the SEC's appeal decision for FOIA Appeal No. 22-
00110-APPS (FOIA Request Nos. 22-00001-OIGP, 22-00015-FOPA, 22-
00016-FOPA, 22-00017-FOPA & 22-00428-FOIA).  Please let me know if
you have any questions concerning this decision.


Thank you.

**Mark Tallarico**

Senior Counsel

Office of the General Counsel

U.S. Securities and Exchange Commission

100 F Street, NE

Washington, DC 20549

202.551.5132

tallaricom@sec.gov